# CIRCUIT COURT OF ROANOKE COUNTY

Raymond Thomas Jones

    v.

Virginia Employment Commission
and Primary Care Associates, P.C.

August 18, 2010

Case No. CL09-536

BY JUDGE ROBERT P. DOHERTY, JR.

This case is an appeal from a decision of the Virginia Employment Commission denying unemployment benefits to Petitioner. Petitioner was discharged from full-time employment from a medical clinic, where he worked primarily as a receptionist. He applied and qualified for unemployment benefits through the Commission and employer appealed.

On appeal, Employer challenged Petitioner's eligibility on grounds that Petitioner was discharged for misconduct connected with his work and was therefore ineligible to receive unemployment benefits. *See* Code of Virginia § 60.1-58(b) (1950), as amended. Misconduct in this context includes deliberate violation of reasonable and legitimate company rules, *or* acts and omissions which are of such a nature and so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer. *Branch v. Virginia Empl. Comm'n*, 219 Va. 609, 611 (1978).

Employer's testimony was that Petitioner, in spite of repeated verbal counseling by his supervisor, was insubordinate, discourteous to patients, gave incorrect information to patients, ignored directions, failed to properly communicate with supervisors, and caused at least three patients to take their business elsewhere. Petitioner admitted four of the

incidents occurred, although he insists they were accidental mistakes, which he acted promptly to correct. He admitted his supervisor formally discussed the incidents with him. He accepted as true the employer's assertions that three patients were lost.

The Commission found in favor of Employer and determined that Petitioner's actions were of such a nature and so recurrent as to manifest a willful disregard of his duties and obligations to Employer.

Petitioner appeals from that decision. He argues that the actions for which he was discharged were not deliberate or willful and that inconsistencies in the testimony of employer should have made it unreasonable for the Commission to give greater weight to the testimony of the employer.

When an administrative agency decision is appealed to the Circuit Court, the Court acts as an appellate review court, and not as a trial court. *Commonwealth, ex rel. State Water Control Bd. v. Blue Ridge Envtl. Def. League*, 56 Va. App. 469, 479-80 (2010). The appellant succeeds only if the agency decision was an arbitrary and capricious abuse of discretion, which means "there is no credible evidence in the record to support the finding and the agency arbitrarily disregarded uncontradicted evidence." *Mazloumi v. Department of Envtl. Quality*, 55 Va. App. 204, 209 (2009); *Alcoholic Beverage Control Comm'n v. York Street Inn*, 220 Va. 310, 315 (1979). Factual determinations made by an agency are accorded great deference and are presumed to be just, reasonable, and correct. *Weingarten v. Gross*, 264 Va. 243, 248 (2002); *Frederick County Bus. Park v. Department of Envtl. Quality*, 52 Va. App. 40, 46 (2008). The Court "may not ... merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." *York Street Inn*, 220 Va. at 315. The Court "may reject an agency's findings of facts *only if*, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion." *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988) (emphasis added).

In other words, Petitioner must be able to prove, based only on the evidence that was presented, that no reasonable person could have reached the same conclusion that the Commission reached. This is a high standard and difficult to prove. Petitioner has not borne this burden. Based on the record, this Court cannot say that the Commission acted unreasonably, arbitrarily, or capriciously when it weighed Employer's testimony more heavily and found as a matter of fact that Petitioner was discharged for misconduct connected with his work.

The decision of the Commission is therefore affirmed.