COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


SHIPPERS' CHOICE OF VIRGINIA, INC.

                                                        OPINION BY
v.        Record No. 2024-07-2            JUDGE RANDOLPH A. BEALES
                                                        MAY 20, 2008

D.B. SMITH,[1] COMMISSIONER, VIRGINIA
  DEPARTMENT OF MOTOR VEHICLES


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

William H. Shewmake (Joseph McGrath; Shewmake & Baronian,
P.C., on briefs), for appellant.

Eric K.G. Fiske, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Shippers' Choice of Virginia, Inc. (Shippers' Choice) appeals from the trial court's

affirmation of the decision of a hearing officer for the Department of Motor Vehicles (DMV).

Shippers' Choice claims the hearing officer ignored the clear language of the Code and the DMV

regulations when he found the company had violated 24 VAC 20-120-180(A)(10).[2]  For the

reasons stated below, we agree and reverse the trial court's ruling.

---

[1] The Commissioner is D.B. Smit, not Smith.  However, as the case has been styled as
"Smith," and no one has moved for a correction, we continue to use "Smith" in the style of this
case.

[2] Shippers' Choice listed three questions presented in its appellate brief.  However, all
three questions actually address the same issue.  Therefore, we consider these questions
collectively.

- 1 -

I.  BACKGROUND

Shippers' Choice operates a commercial driving school in Northern Virginia, the licensing of which is overseen by DMV.  On December 21, 2005, two agents of DMV visited Shippers' Choice and observed a class in progress.  Bobby Garrison (Garrison), who "was employed and compensated as a mechanic" for Shippers' Choice, was instructing a class of five students.  No other person was in the room.  The agents were impressed with Garrison's instruction.  When they expressed their opinion to Charles Longo, president of Shippers' Choice, he informed them that Garrison was "participating in the school's instructor training program, [and] was not covering new material."  Longo also acknowledged that Garrison was not yet licensed as a commercial driving instructor pursuant to DMV regulations.  No evidence suggested Garrison had taught more than this one class.

DMV suspended Shippers' Choice's license to run the school for six months and fined the company $500 for violating 24 VAC 20-120-180(A)(10), the DMV regulation in effect at the time.[3]  See Code § 46.2-1701.  After an administrative hearing and issuance of a final Hearing Decision letter by DMV, the suspension was reduced to thirty days.  The hearing officer did not explicitly find that Garrison was an "instructor," but instead found that he "was engaged in providing classroom instruction to students at Shipper's Choice on December 21, 2005."  The hearing officer also found that Garrison was paid as a mechanic by Shippers' Choice and not for his instruction of any classes.

---

[3] The regulations on driving schools and instructor licenses were amended, effective January 1, 2008.  See 24 Va. Reg. Regs. 516 (repealing 24 VAC 20-120-10 through 24 VAC 20-120-180 and enacting 24 VAC 20-121-10 through 24 VAC 20-121-220).  The new regulations include tougher standards for the licensing of instructors, such as requiring that all instructors receive training on the appropriate curriculum materials before they begin teaching students.  See 24 VAC 20-121-100.  However, the definition of "instructor" was not changed.

Shippers' Choice appealed DMV's decision to the Richmond Circuit Court. That court found the DMV hearing officer's conclusions were "supported by substantial evidence and [were] not arbitrary and capricious." The court affirmed DMV's decision. Shippers' Choice then appealed to this Court.

## II. ANALYSIS

This Court defers to an agency's findings of fact. Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 243, 369 S.E.2d 1, 7 (1988). However, where the issue involves a legal determination or statutory interpretation, this Court does a *de novo* review, especially if the statutory language is clear.

> We are required to construe the law as it is written. "An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute." Hurt v. Caldwell, 222 Va. 91, 97, 279 S.E.2d 138, 142 (1981). When an agency's statutory interpretation conflicts with the language of the statute or when the interpretation has not been consistently and regularly applied, the usual deference accorded to an agency's interpretation should be withheld. University of Richmond v. Bell, 543 F. Supp. 321, 327 (E.D. Va. 1982).

Commonwealth, Dep't of Mines, Minerals & Energy v. May Bros., Inc., 11 Va. App. 115, 119, 396 S.E.2d 695, 697 (1990).

DMV found Shippers' Choice failed to comply with former regulation 24 VAC 20-120-180(A)(10), by "[e]mploying or otherwise engaging an instructor not properly licensed" by DMV.[4] This regulation paralleled Code § 46.2-1701, which states, "No instructor shall perform the actions enumerated in the definition of 'instructor' in § 46.2-1700 unless he obtains from the [DMV] Commissioner a license authorizing him to act as driving instructor."

---

[4] This exact language no longer exists in the Virginia Administrative Code. The new regulation on sanctions, 24 VAC 20-121-160, contains more general language, allowing sanction on "any licensee who violates any provisions of such statutes or these regulations." 24 VAC 20-121-160(A). However, Code § 46.2-1701, which is referenced in this regulation, has not been amended at all since 2004.

Code § 46.2-1700 defines "instructor" as:

> any person, whether acting for himself as operator of a driver training school or for such school *for compensation*, who teaches, conducts classes, gives demonstrations, or supervises persons learning to operate or drive a motor vehicle.

(Emphasis added.) The DMV regulations repeated this definition exactly, with the exception that the regulations included the word "commercial" before "driver training school," a difference that is not relevant here. 24 VAC 20-120-10 (repealed as of January 1, 2008).[5]

DMV claims that "instructor" includes a person, paid by a school for non-teaching services, who also instructs a class without any additional compensation.[6] DMV, however, cites no authority for this interpretation, and we disagree with DMV's suggestion that the definition applies to the situation presented by this case.

We find the language in Code § 46.2-1700 and in the DMV regulations clearly defines an "instructor" as someone who receives compensation *for teaching* at a driving school. As the statute states, a person must be "acting" for compensation to be an "instructor." The actions that the statute then lists all relate to instruction -- teaching a class, giving demonstrations, or supervising students who are learning to drive. In this context, "acting . . . for such school for compensation" can only mean *instructing* for compensation, not receiving compensation for an unrelated activity and also instructing students *gratis*. See Marine Resources Comm'n v. Forbes, 214 Va. 109, 113, 197 S.E.2d 195, 198 (1973) ("[W]e must give words and phrases not

---

[5] When the new DMV regulations on driving schools were substantially rewritten and went into effect on January 1, 2008, the explicit wording of the definition of "instructor" was removed and replaced with a reference to Code § 46.2-1700 for the definition of "instructor." See 24 VAC 20-121-10; 24 Va. Reg. Regs. 516. The definition of "instructor" in Code § 46.2-1700 has remained exactly the same since 2004.

[6] DMV does not claim, nor do we find any evidence in the record, that Garrison received any compensation for instructing the class on December 21, 2005. This case does not involve any allegation that Shippers' Choice was attempting to circumvent the licensing regulations.

specifically defined in the statute their commonly accepted meaning in the context in which they are used.").

We find as a matter of law that Garrison was not an "instructor" as defined by the relevant statutes and regulations because he was not compensated for his instruction of the class. Therefore, Shippers' Choice did not violate the DMV regulations or relevant statutes when it allowed him to teach one class as part of its training program for driving school instructors. The trial court erred when it affirmed the hearing officer's conclusions.

## III. CONCLUSION

For the reasons stated above, we reverse the trial court and remand this case for that court to set aside the decision of DMV and "remand the matter to the agency" with directions to dismiss the violation. Code § 2.2-4029.

<u>Reversed and remanded.</u>