Present:  Hassell, C.J., Keenan, Koontz, Kinser, Goodwyn, and Millette, JJ., and Lacy, S.J.

D.B. SMIT[1], COMMISSIONER,
VIRGINIA DEPARTMENT OF MOTOR VEHICLES

v.  Record No. 081131          OPINION BY SENIOR JUSTICE
                                    ELIZABETH B. LACY
SHIPPERS' CHOICE OF VIRGINA, INC.      APRIL 17, 2009

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we consider whether the Court of Appeals erred in determining that a person who does not receive compensation for conducting a class in a commercial driver training school is not an "instructor" as that term is defined in Code § 46.2-1700.

Shippers' Choice of Virginia, Inc. (Shippers' Choice) is a commercial driver training school licensed by the Department of Motor Vehicles (DMV) pursuant to Code § 46.2-1701.  In December 2005, two DMV agents visited Shippers' Choice and observed Robert "Bobby" Garrison conducting a class.  Charles R. Longo, the president of Shippers' Choice, explained to the DMV agents that Garrison was "participating in the school's instructor training program, [and] was not covering new material."

---

[1] The circuit court and the Court of Appeals of Virginia styled this case as Shippers' Choice of Virginia, Inc. v. D.B. Smith, Commissioner, Department of Motor Vehicles based upon pleadings filed by the parties in those courts.  The record reflects, however, that the correct spelling of the Commissioner's name is "Smit."  The Order granting this appeal and the papers on the present appeal use that name, and we adopt that spelling in this case.

Garrison was employed and compensated by Shippers' Choice as a mechanic and was not licensed as an instructor pursuant to Code § 46.2-1701.

The DMV issued an order of suspension to Shippers' Choice on January 5, 2006 for a violation of former 24 VAC § 20-120-180(A)(10)[2] of the Virginia Administrative Code which prohibited "[e]mploying or otherwise engaging an instructor not properly licensed" by the DMV. The order suspended the school's license for six months and assessed a civil penalty of $500 pursuant to Code §§ 46.2-1705(A) and -1706 and 24 VAC § 20-120-180(A)&(C).

Shippers' Choice requested an administrative review. Following a hearing, the hearing officer filed a recommended decision concluding that Shippers' Choice had violated 24 VAC § 20-120-180(A)(10). The hearing officer also recommended reducing the term of suspension to 30 days. DMV Commissioner Demerst B. Smit considered the hearing officer's recommended decision and Shippers' Choice's exceptions. The Commissioner issued a hearing decision on January 5, 2007, holding that Shippers' Choice failed to comply with 24 VAC § 20-120-180(A)(10) because it permitted Garrison "to provide classroom instruction without a license" and ordering that the school's

---

[2] Chapter 120 of Title 24 of the Virginia Administrative Code was repealed on October 29, 2007 and a replacement chapter regulating driver training schools was promulgated. See 24 VAC § 20-121-10 et seq. and 24 Va. Register No. 4 (January 1, 2008).

license be suspended for 30 days.  Commissioner Smit also imposed a $500 penalty on the school.

Shippers' Choice appealed the Commissioner's decision to the Circuit Court of the City of Richmond pursuant to Code § 2.2-4025.  Following consideration of the record and argument of counsel, the circuit court upheld the agency's decision, finding that the agency's decision was supported by substantial evidence and was not arbitrary or capricious.  The Court of Appeals granted Shippers' Choice's petition for appeal and, in a published opinion, reversed the judgment of the circuit court, finding that Shippers' Choice had not violated 24 VAC § 20-120-180(A)(10) because Garrison was not compensated for teaching and therefore did not come within the definition of "instructor" contained in Code § 46.2-1700.  Shippers' Choice of Va., Inc. v. Smith, 52 Va. App. 34, 660 S.E.2d 695 (2008).  We awarded the DMV an appeal.

DISCUSSION

The sole issue in this appeal is whether the Court of Appeals properly applied the definition of "instructor" contained in Code § 46.2-1700.  The statute provides in relevant part:

> "Instructor" means any person, whether acting for himself as operator of a driver training school or for such school for compensation, who teaches, conducts classes, gives demonstrations, or supervises persons learning to operate or drive a motor vehicle.

3

The Court of Appeals did not find that this statute was ambiguous but rather concluded that the statute "clearly defines an 'instructor' as someone who receives compensation <u>for teaching</u> at a driving school." <u>Shippers' Choice</u>, 52 Va. App. at 39, 660 S.E.2d at 697. Applying this construction of the statutory definition, the Court of Appeals held "as a matter of law that Garrison was not an 'instructor' . . . because he was not compensated for his instruction of the class." <u>Id.</u> The Court of Appeals concluded that Shippers' Choice did not violate the relevant statutes or DMV regulations when it allowed Garrison to teach the class observed by the DMV agents in December, 2005. <u>Id.</u> at 39-40, 660 S.E.2d at 697.

In construing Code § 46.2-1700 we are guided by well established principles. "When the language of a statute is clear and unambiguous, we are bound by the plain meaning of that language." <u>Industrial Dev. Auth. v. Board of Supervisors</u>, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002). Furthermore, statutory construction is a question of law which we review de novo. <u>Parker v. Warren</u>, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007).

Application of basic principles of English grammar demonstrates that the statutory definition of "instructor" recited above contains two clauses, both of which modify or refer to "any person." One clause describes the activities in

4

which a person must engage to come within the definition of "instructor" - conducting classes, giving demonstrations, or supervising persons learning to operate or drive a motor vehicle. The other clause describes the status a person must occupy to come within the definition - acting for himself as the operator of a driver training school or acting for such school for compensation. These two clauses establish independent prerequisites, both of which must be met to come within the definition of "instructor."

By defining an "instructor" as a person who is compensated for instructional activities, the Court of Appeals conflated the status prerequisite relating to compensation with the activity prerequisite and therefore effectively rewrote the statutory definition of "instructor." See Parker, 273 Va. at 24, 639 S.E.2d at 181.

Accordingly, we reject the Court of Appeals' construction and hold that a person qualifies as an "instructor" under Code § 46.2-1700 if that person is teaching, conducting classes, giving demonstrations, or supervising persons learning to operate or drive a motor vehicle and is acting on behalf of a driver training school for compensation, regardless of the basis for the compensation received. This construction of the definition is consistent with a legislative intent that employees of a driver training school may engage in

5

instructional activities at the school only if they are licensed as instructors pursuant to Code § 46.2-1701.

The record in this case established that Garrison was acting for Shippers' Choice and was compensated by Shippers' Choice. The record also establishes that Garrison was engaged in instructional activities identified in Code § 46.2-1700 but was not licensed as an instructor under Code § 46.2-1701. Because Garrison was not licensed as an instructor, Shippers' Choice violated former 24 VAC § 20-120-180(A)(10) of the Virginia Administrative Code by allowing Garrison to teach a class in December of 2005. Accordingly, we will reverse the judgment of the Court of Appeals and enter a final judgment reinstating the judgment of the circuit court sustaining the decision of the Commissioner.

<u>Reversed and final judgment.</u>