COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Haley and Powell
Argued at Alexandria, Virginia


MOHSEN MAZLOUMI
                                                                    OPINION BY
v.        Record No. 0678-09-4                    JUDGE JAMES W. HALEY, JR.
                                                                NOVEMBER 17, 2009
DEPARTMENT OF ENVIRONMENTAL QUALITY


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

John A. Keats (Law Offices of John A. Keats, on briefs), for
appellant.

David C. Grandis, Assistant Attorney General (William C. Mims,
Attorney General; Carl Josephson, Senior Assistant Attorney
General, on brief), for appellee.


I.  INTRODUCTION

Appealing the revocation of his license as an automobile emissions inspector by the

Department of Environmental Quality ("the Department") as the penalty for conducting

fraudulent emissions tests, Mohsen Mazloumi claims (1) the Department's decision lacks a

foundation in substantial evidence and (2) the Department has impermissibly altered its position

on appeal.  We affirm.

II.  BACKGROUND

The Department administers an emissions inspection program in Northern Virginia.

Persons seeking to work as emissions inspectors must obtain a license by passing a course and

demonstrating knowledge of how to properly conduct an emissions inspection.  Inspectors

receive an identification number and separate personal identification number (PIN).  When

performing inspections, inspectors must input both numbers into a computer.

Inspections involve a computer system known as an emissions analyzer that plugs into the vehicle being tested. The inspector records his identification and PIN numbers in the computer, followed by information about the vehicle. The Department downloads the results, along with the accompanying information about the inspector and the car analyzed. A computer program looking to uncover potentially fraudulent inspections analyzes this information.

A "clean scan" involves an inspector inputting information about a vehicle that would not pass inspection into the emissions analyzer and then testing a different vehicle that passes. The result from the passing vehicle thereby appears to apply to the failing vehicle.

As part of a routine audit, the Department discovered five inspections performed under Mazloumi's identification and PIN numbers where the vehicle information entered into the computer did not match the vehicle actually tested. It is undisputed that the fraudulent tests occurred and that they took place under Mazloumi's identifying information.

When confronted with this information, Mazloumi denied performing the fraudulent inspections, asserting that someone else did them under his identifying data. The Department held an informal proceeding, at the conclusion of which it found Mazloumi conducted the inspections and revoked his emissions inspection license. Mazloumi then requested and received a formal hearing, during which he asserted another person could have obtained and used his identifying information since he had often left his wallet near the emissions analyzer. In written argument, the Department asserted "that Mr. Mazloumi violated DEQ laws and regulations as set forth in the Department's June 6, 2007 Notice of Violation (NOV), which cited 9 VAC 5-91-420F." The Department later wrote:

> It is uncontested that the five emissions inspections at issue were conducted using the Petitioner's identification number and PIN. No evidence has been presented to support Petitioner's contention that . . . anyone else knew Mr. Mazloumi's PIN or conducted the emissions inspections at issue.

Accordingly, the Department asks that the Hearing Officer find that Mr. Mazloumi violated DEQ laws and regulations . . . .

The hearing officer acknowledged the possibility that someone besides Mazloumi was responsible, but wrote "there was no evidence" another person conducted the inspections "or even had any reason to do so."

The hearing officer found the Department had proven Mazloumi's culpability by a preponderance of the evidence and recommended affirming the revocation of his inspection license. Specifically, in his proposed conclusions of law, the hearing officer determined:

> 4. The Department of Environmental Quality has proven by a preponderance of evidence that Mohsen Mazloumi has violated 9 VAC 5-91-420F by failing to accurately identify and enter vehicle information, visual components and visible smoke inspection results on five separate occasions.

> 5. The Department of Environmental Quality has proven by a preponderance of evidence that Mohsen Mazloumi has violated 9 VAC 5-91-420F by entering into the certified analyzer system and recording on the certificate of vehicle emissions inspection data from a substitute vehicle rather than the vehicle being inspected on five separate occasions.

The director of the Department affirmed the hearing officer.

Mazloumi then appealed to the circuit court. Upon reviewing the record for whether the Department had substantial evidence to support its decision, the court held that while the Department "did not put forth evidence that [Mazloumi] was in fact the person who performed the improper" inspections, the court could not "find that a reasonable mind would *necessarily* come to a different conclusion." Thus, the court concluded "that the DEQ's decision to revoke the Petitioner's license is supported by substantial evidence" and affirmed the Department's decision. Mazloumi now appeals.

- 3 -

## III.  ANALYSIS

In appealing the decision of an administrative agency, Mazloumi bears the burden of proof.  Code § 2.2-4027.  We review an administrative agency's factual decisions only for whether they have support in substantial evidence.  Aegis Waste Solutions, Inc. v. Concerned Taxpayers of Brunswick County, 261 Va. 395, 404, 544 S.E.2d 660, 665 (2001).  This Court may reverse an agency's factual conclusions only where "a reasonable mind would necessarily reach a different conclusion."  Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 441, 621 S.E.2d 78, 88 (2005).  This standard gives "great stability and finality to the fact-findings of an administrative agency."  Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983).

Courts generally defer to an agency's interpretation of its own regulations.  Level 3 Communc'ns of Va., Inc. v. State Corp. Comm'n, 268 Va. 471, 478, 604 S.E.2d 71, 74 (2004).  When, as here, the issue concerns whether an agency had substantial evidence to support its enforcement of a regulation, courts give "great deference because of the specialized competence of the agency."  Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 404, 468 S.E.2d 905, 908 (1996).  Decisions within such specialized competence may be reversed only where the agency holding represents an "arbitrary or capricious action that constitutes a clear abuse of the delegated discretion."  Va. Alcoholic Beverage Control Comm'n v. York Street Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979) (internal quotation marks and citation omitted).  "A decision is arbitrary and capricious only if there is no credible evidence in the record to support the finding and the agency arbitrarily disregarded uncontradicted evidence."  Palmer v. Commonwealth Marine Res. Comm'n, 48 Va. App. 78, 87, 628 S.E.2d 84, 89 (2006) (internal quotation marks and citations omitted).

The regulation the Department held Mazloumi violated states: "The emissions inspector shall accurately identify and enter vehicle information . . . . The data entered into the certified analyzer system and recorded on the certificate of vehicle emissions inspection shall be the data from the vehicle being inspected and must be obtained from that vehicle." 9 VAC § 5-91-420(F). Penalties the Department may impose on inspectors for a violation of § 5-91-420(F) include license revocation, as ordered here.[1] 9 VAC § 5-91-610(E)(4); (J).

The Court concludes the evidence before the Department constituted substantial evidence for it to revoke Mazloumi's license. First, we note the Department had undisputed evidence that five fraudulent emissions inspections occurred under Mazloumi's numbers. No evidence showed another person was responsible.[2] Thus, it cannot be said that the Department's decision lacks credible evidence in the record. Second, the Department has consistently maintained the evidence that fraudulent inspections occurred under Mazloumi's numbers, standing alone, constitutes sufficient evidence of his responsibility. The formal and informal hearings both reached this conclusion. The Department argued this point at the agency level and on appeal before this Court. The Department's position in this regard, which interprets what constitutes substantial evidence under a regulation, falls within its specialized competence and is entitled to

---

[1] The regulations allow flexibility for individual cases by providing a range of punishments. 9 VAC § 5-91-610(E); (J).

[2] While Mazloumi claims the Department should have conducted a more thorough investigation, he cites no authority directly on point for this duty. The authority he does cite simply goes to what constitutes substantial evidence. Mazloumi's reply brief places the obligation to investigate as a separate heading, but includes no citation under it. To the extent Mazloumi suggests the Department had an obligation to prove the negative that no one besides Mazloumi used Mazloumi's identifying numbers, this is plainly erroneous. See Lyons v. Brown, 21 Va. (Gilmer) 105, 116 (1820) (opinion of Coalter, J.) (stating that proving the negative is "impossible"); see also Alcazar v. Hayes, 982 S.W.2d 845, 854 (Tenn. 1998); Sutton v. Sullivan & Carden, 364 S.E.2d 887, 889 (Ga. Ct. App. 1988).

great deference by the courts.  This Court cannot say the Department plainly erred in adopting this interpretation.

Given our holding that substantial evidence exists, we find it unnecessary to consider Mazloumi's second argument.  Mazloumi maintains the Department impermissibly changed its position on appeal by arguing for the first time that a different regulation makes him guilty of conducting fraudulent inspections under 9 VAC § 5-91-420(F) even if he did not personally perform them.  Since the record supports a finding of liability under the section Mazloumi was charged with violating, arguments concerning how other sections may relate to that section are irrelevant.

For the foregoing reasons, we affirm the circuit court.

<u>Affirmed.</u>