COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, O'Brien and AtLee
Argued at Fredericksburg, Virginia

UNPUBLISHED

VIRGINIA ALCOHOLIC BEVERAGE
 CONTROL AUTHORITY
                                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0265-18-4                        JUDGE MARY GRACE O'BRIEN
                                                                NOVEMBER 6, 2018
BOARD OF SUPERVISORS OF FAIRFAX COUNTY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

James M. Flaherty, Assistant Attorney General (Mark R. Herring,
Attorney General; Stephen A. Cobb, Deputy Attorney General;
Heather Hays Lockerman, Senior Assistant Attorney General, on
brief), for appellant.

Laura S. Gori, Senior Assistant County Attorney, (Elizabeth D.
Teare, County Attorney; T. David Stoner, Deputy County Attorney,
on brief), for appellee.


The Virginia Alcoholic Beverage Control Board ("the ABC Board") granted a farm winery

license to Bates on Yates, LLC ("Bates on Yates") over the objection of the Board of Supervisors of

Fairfax County ("BOCS").  BOCS appealed and following a hearing, the circuit court reversed.  The

Virginia Alcoholic Beverage Control Authority ("ABC") appeals the court's decision.  In its sole

assignment of error, ABC asserts that the "court erred in ruling [that the] ABC [Board] exceeded its

authority by granting the license."  For the following reasons, we affirm.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Brian Bates Farmer built his home on 1.86 acres of land in Clifton, Virginia. He began planting grapes on his property in 2012 and planned to produce and sell wine from the grapes in a farm winery called "Bates on Yates."

Farmer's property is located on land zoned Residential-Conservation (R-C). Fairfax County created the R-C district in 1982 to protect the Occoquan Watershed; the minimum lot size in the district is five acres. Fairfax County Zoning Ordinance §§ 3-C01, -C06(2)(A). Permitted uses in the R-C district include "[a]griculture, as defined in Article 20." Id. at § 3-C02(2). Article 20 of the Zoning Ordinance has a separate five-acre minimum requirement for agricultural use of land. Id. at § 20-300. In 2005, Farmer obtained a "Buildable Lot Determination" from the Department of Public Works and Environmental Services of Fairfax County that allowed him to construct a residence on his 1.86 acres of land, despite the R-C designation. This buildable lot determination cited "the grandfathering provision of Section 2-405 of the Zoning Ordinance" which authorizes exceptions to minimum area and width requirements for lots that were created or recorded prior to the current zoning ordinance.

On April 29, 2015, Farmer went to Fairfax County's Department of Planning and Zoning ("DPZ") to discuss his proposed winery. He did not have an appointment, but availed himself of DPZ walk-in hours, when a DPZ planner is available to speak to anyone with general zoning questions. Farmer explained to St. Clair Williams, the DPZ planner on duty, that he wished to establish a farm winery on his property. Williams consulted with his supervisor, Mavis Stanfield, and the two employees told Farmer that his lot size was insufficient for agricultural use. Farmer was unhappy with this information. Although Stanfield advised Farmer that she did not have the authority to waive the five-acre requirement, she agreed to review "materials . . . that would indicate

that . . . farming has occurred on [the] property continuously for a great number of years and . . . that could be a way of establishing a nonconforming use."

Later that afternoon, Stanfield directed Williams to send Farmer an email containing two Virginia statutes:  Code § 4.1-100 (defining "farm winery") and Code § 15.2-2288.3 (expressing the policy of protecting the wine industry while maintaining appropriate land use and local regulation).

Williams emailed Farmer these statutes the next morning, along with the following message:

> After further discussion on your request about establishing a winery on your property, we have determined that the use as you described it would be deemed a "Farm Winery" as defined [by Code § 4.1-100]. Therefore, the usual activities and events customary for farm wineries are permitted without local regulation unless there is substantial impact on the health, safety or welfare of the public [pursuant to Code § 15.2-2288.3].  So, no approval is required from the County for your use as you described it[;] however any state requirements and/or regulations must be met.

Williams testified at the administrative hearing that he did not intend the email to "change anything that [he] had told [Farmer] the day before" but only wanted to explain that Farmer would "still have to meet all other . . . zoning ordinance standards."

Stanfield and Williams did not hear from Farmer again.  Farmer testified that he hand-delivered to Leslie B. Johnson, the Fairfax County Zoning Administrator, a letter and photographs showing his continuous use of the property for agriculture.  Farmer also testified that he received Williams's email shortly after dropping off the letter to Johnson and assumed that Williams had been communicating with Johnson.  However, Johnson testified that she did not receive the letter and photographs.

Because of family considerations, Farmer delayed his plans to open a farm winery.  In May 2016, Bates on Yates applied to the ABC Board for a farm winery license.  After the ABC Board notified Fairfax County of the application, Johnson emailed Farmer and informed him that a farm

winery was not permitted on his property. In the email, dated May 23, 2016, Johnson quoted

Zoning Ordinance § 3-C02 (defining permitted uses for the R-C district) and Zoning Ordinance

§ 20-300 (requiring a minimum of five acres for agriculture). Johnson wrote as follows:

> It is my position that you do not have the requisite acreage to
> establish a farm winery on your property. I would certainly welcome
> an opportunity to meet with you to discuss your pending application
> with the Virginia ABC. Please feel free to contact me . . . to arrange
> such a meeting.

Farmer did not respond to Johnson or appeal her decision to the Board of Zoning Appeals.

At the ABC Board's administrative hearing, a number of local residents testified against

issuance of a farm winery license to Bates on Yates. Johnson testified that the five-acre requirement

for agricultural use of property cannot be waived or modified. She confirmed that the 2005

buildable lot determination allowed Farmer to build a new house on his property, although the lot

size of 1.86 acres did not meet the minimum five-acre lot requirement for the R-C district.

However, Johnson explained that the buildable lot determination did not also permit Farmer to use

the property for agricultural purposes.

At the conclusion of the hearing, an administrative officer granted Bates on Yates a farm

winery license. BOCS appealed to the ABC Board, which adopted the hearing officer's decision

and issued a final order granting the license. BOCS appealed to the circuit court. The court found

that the ABC Board exceeded its authority in granting the license and remanded the case with

directions that the ABC Board deny the license application.

ANALYSIS

A. Standard of Review

Action by the ABC Board to grant or deny a license is governed by the Virginia

Administrative Process Act, Code § 2.2-4000 to -4031 ("VAPA"). Code § 4.1-224. Code

§ 2.2-4027 of VAPA addresses judicial review of an agency decision. "[T]he circuit court reviews

an agency's action in a manner 'equivalent to an appellate court's role in an appeal from a trial court.'" Commonwealth ex rel. Va. State Water Control Bd. v. Blue Ridge Envtl. Def. League, Inc., 56 Va. App. 469, 479-80, 694 S.E.2d 290, 295 (2010) (quoting J.P. v. Carter, 24 Va. App. 707, 721, 485 S.E.2d 162, 169 (1997)), aff'd, 283 Va. 1, 720 S.E.2d 138 (2012). Circuit court judgments "shall be subject to appeal to or review by higher courts as in other cases." Code § 2.2-4026(A).

Judicial review of an agency decision is limited to determining "[w]hether the agency acted in accordance with law," "[w]hether the agency made a procedural error which was not harmless error," and "[w]hether the agency had sufficient evidential support for its findings of fact." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988); see Code § 2.2-4027. "On reviewing the claims of error, an agency's factual determination is given substantial judicial deference, and is reviewed 'only for whether [it has] support in substantial evidence.'" Blue Ridge Envtl. Def. League, Inc., 56 Va. App. at 480, 694 S.E.2d at 296 (quoting Mazloumi v. Dep't of Envtl. Quality, 55 Va. App. 204, 208, 684 S.E.2d 852, 854 (2009)).

"On appeal of an agency's determination of law, the deference accorded depends on the law being interpreted." Id. "[W]here the question involves an interpretation which is within the specialized competence of the agency[,] and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." Id. (quoting Johnston-Willis, Ltd., 6 Va. App. at 243, 369 S.E.2d at 8). "[J]udicial interference is permissible only for relief against the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion." Id.

"However, courts do not defer to an agency's interpretation '[i]f the issue falls outside the area generally entrusted to the agency, and is one in which the courts have special competence.'" Id. "An agency's 'legal interpretations of statutes' is accorded no deference because . . . 'pure statutory interpretation is the prerogative of the judiciary.'" Id. at 481, 694 S.E.2d at 296 (quoting

- 5 -

The Mattaponi Indian Tribe v. Commonwealth Dep't of Envtl. Quality, 43 Va. App. 690, 707, 601 S.E.2d 667, 676 (2004), aff'd in part, rev'd in part sub nom. Alliance to Save the Mattaponi v. Commonwealth Dep't of Envtl. Quality ex rel. State Water Control Bd., 270 Va. 423, 621 S.E.2d 78 (2005)). Accordingly, "where the issue involves a legal determination or statutory interpretation, this Court does a *de novo* review, especially if the statutory language is clear." Id. (quoting Shippers' Choice of Va., Inc. v. Smith, 52 Va. App. 34, 37-38, 660 S.E.2d 695, 696-97 (2008), rev'd on other grounds, 277 Va. 593, 674 S.E.2d 842 (2009)).

B. Statutory Framework

Title 4.1 of the Virginia Code is the Alcoholic Beverage Act ("ABC Act"). The definition section, amended in 2016, requires that a "farm winery" be located "on land zoned agricultural." Code § 4.1-100. The statute further provides that "'land zoned agricultural' means (1) land zoned as an agricultural district or classification or (2) land otherwise permitted by a locality for farm winery use." Id. Finally, the statute states that "'land zoned agricultural' *does not include land zoned 'residential conservation'* [R-C]." Id. (emphasis added).

Although the 2016 legislation redefined "farm winery" to exclude this use on land zoned R-C, it provided a limited exception for pending applications. This exception appears in an enactment clause for the 2016 amendment and states, in relevant part, as follows:

> [A]ny person who, prior to July 1, 2016, (i) has a pending application with the [ABC Board] for a license as a farm winery or limited brewery in accordance with Title 4.1 of the Code of Virginia, (ii) is in compliance with the local zoning ordinance as an agricultural district or classification or as *otherwise permitted by a locality* for farm winery or limited brewery use, and (iii) subsequently is issued a license as a farm winery or limited brewery shall be allowed to engage in such use as provided in § 15.2-2307 of the Code of Virginia.

2016 Va. Acts ch. 710, cl. 3 ("the enactment clause") (emphasis added).

Farmer's May 2016 application for a farm winery license was pending when the General Assembly amended the ABC Act in July 2016. Because his property is zoned R-C, it would not be eligible for use as a farm winery under Code § 4.1-100 unless the enactment clause applied. ABC asserts that the enactment clause granted the ABC Board broad authority to issue licenses to pending applications. ABC also argues that Fairfax County had already granted approval to Farmer and therefore the farm winery was a use "otherwise permitted by a locality." Specifically, ABC contends that the 2005 buildable lot determination permitted Farmer to develop his property into a farm winery, as did the April 30, 2015 email to Farmer. ABC further argues that, pursuant to Code § 15.2-2311(C), this email precluded Fairfax County from later contesting the license.

C. Interpretation of the Enactment Clause

"[T]he paramount principle of statutory interpretation is 'to interpret the statute as written.'" Miller & Rhoads Bldg., LLC v. City of Richmond, 292 Va. 537, 542, 790 S.E.2d 484, 486 (2016) (quoting City of Lynchburg v. Suttenfield, 177 Va. 212, 221, 13 S.E.2d 323, 326 (1941)). We are "bound by the plain meaning of statutory language." Jenkins v. Johnson, 276 Va. 30, 34, 661 S.E.2d 484, 486 (2008).

The ABC Board was created by statute, and its powers are expressly conferred by Code § 4.1-103, which allows it to "[c]ontrol the possession, sale, transportation and delivery of alcoholic beverages." Code § 4.1-103(14). Nothing in the statute grants the ABC Board any authority over land use and zoning. A municipality, not the ABC Board, has authority over zoning. See Code § 15.2-2280(1) (authorizing localities to classify zoning districts and "regulate, restrict, permit, prohibit, and determine . . . [t]he use of land . . . for agricultural" and other uses).

The 2016 amendments to Code § 4.1-100 excluded farm wineries from the permitted agricultural use in the R-C district. In the enactment clause, the General Assembly provided an exception for applications pending before July 1, 2016. A farm winery application filed before that

date could obtain a license and operate, but only if "*otherwise permitted by the locality*." The enactment clause gives the locality, not the ABC Board, authority to determine if a pending farm winery is permitted on land zoned R-C.

Nothing in the language of either the amendment or the enactment clause expresses any intent to give the ABC Board any special or expanded authority. To the contrary, the enactment clause requires the ABC Board to consider and defer to the local zoning authority before granting a license. See City of Norfolk v. Tiny House, Inc., 222 Va. 414, 421, 281 S.E.2d 836, 840 (1981) (rejecting argument "that the General Assembly, by enacting the ABC Act, intended to prohibit local governments from utilizing zoning as a means of controlling the location and concentration of establishments selling alcoholic beverages"). Here, the court did not err in ruling that the ABC Board exceeded its authority by not deferring to the zoning determination that Farmer's property lacked sufficient acreage for agricultural use as a farm winery.

ABC also argues that the ABC Board properly determined that the County's five-acre requirement for agriculture is unreasonable and in conflict with the Farm Winery Zoning Act, Code § 15.2-2288.3. However, the ABC Board lacked authority to adjudicate the reasonableness of the zoning ordinance. Whether a local ordinance enacted under a general grant or power is void as unreasonable "is a question of law for the courts." Kisley v. City of Falls Church, 212 Va. 693, 697, 187 S.E.2d 168, 171 (1972). The Farm Winery Zoning Act provides as follows:

> It is the policy of the Commonwealth to preserve the economic vitality of the Virginia wine industry while maintaining appropriate land use authority to protect the health, safety, and welfare of the citizens of the Commonwealth, and to permit the reasonable expectation of uses in specific zoning categories.

Code § 15.2-2288.3(A). This statute balances the state interest in promoting local wineries with the locality's authority to enact zoning ordinances to protect citizen welfare. There is a "presumption favoring the validity of municipal ordinances[,] and the presumption governs unless it is overcome

by unreasonableness apparent on the face of the ordinance or by extrinsic evidence which clearly establishes the unreasonableness." Kisley, 212 Va. at 697, 182 S.E.2d at 171. The reasonableness of the five-acre lot requirement is an issue for the courts, not the ABC Board. Accordingly, the court did not err in finding that the ABC Board exceeded its authority in determining that the County ordinance was unreasonable.

## D. Buildable Lot Determination

The ABC Board asserts that because the Department of Public Works and Environmental Services granted Farmer a 2005 buildable lot determination to construct his residence on 1.86 acres of land rather than the required five acres, he was also permitted to use that lot for a farm winery. The buildable lot determination cited Fairfax County Zoning Ordinance § 2-405, also known as the "grandfathering exception."

However, the grandfathering exception that allowed Farmer to build his residence on 1.86 acres does not also allow him to use his property without constraint. Zoning Ordinance § 2-405(1) provides that the lot "may be used for any use permitted in the zoning district . . . provided all other regulations of this Ordinance can be satisfied." The applicable regulations include the separate five-acre requirement for agriculture set forth in Zoning Ordinance § 20-300.

The five-acre lot requirement for property in the R-C district differs from the five-acre requirement for property to be used for agriculture. When Farmer received his buildable lot determination in 2005 for the purpose of building his residence, that exemption did not automatically waive the five-acre requirement for agricultural use.

## E. April 30, 2015 Email

ABC asserts that the email sent to Farmer on April 30, 2015 indicated that a farm winery was a use "otherwise permitted by the locality" and therefore permissible under the enactment clause. Additionally, ABC contends that this email established a vested right to use the property as

a farm winery and the court erred by holding that the ABC Board lacked authority to make a vested rights determination. For a number of reasons, we disagree.

When Farmer visited DPZ on April 29, 2015, he did not have pending applications for either a zoning determination or an ABC license. He spoke to Williams, the "planner of the day" who was available to answer general questions. Williams and his supervisor, Stanfield, informed Farmer that he had insufficient acreage for a farm winery. In his email to Farmer the following morning, Williams cited the relevant statutes and indicated that no additional approval would be required; "however, any state requirements and/or regulations must be met." Both Williams and Stanfield testified that Williams did not have independent authority to make a determination about farm winery use. Additionally, any comment or statement by Williams was nothing more than advisory. See Vulcan Materials Co. v. Bd. of Supervisors, 248 Va. 18, 24, 445 S.E.2d 97, 100 (1994) (noting that without a pending application, comments by an administrative agent or agency are "merely . . . advisory"). Williams's email did not express the locality's permission for Farmer to use his property as a farm winery and therefore does not trigger the exception in the enactment clause.

The ABC Board found that this email established a "vested right" pursuant to Code § 15.2-2311(C), which states as follows:

> In no event shall a written order, requirement, decision or determination made by the zoning administrator or other administrative officer be subject to . . . reversal by any zoning administrator . . . after 60 days have elapsed from the date of the written order, requirement, decision or determination where the person aggrieved has materially changed his position in good faith reliance on the action of the zoning administrator.

This statute provides circumstances by which the permission to use property in a manner that differs from the zoning requirements may become a vested right. See Goyonaga v. Bd. of Zoning Appeals, 275 Va. 232, 244, 657 S.E.2d 153, 160 (2008). However, "[t]he burden of establishing the vesting

- 10 -

of a right to an otherwise impermissible use of property under Code § 15.2-2311(C) falls upon the property owner." Id.

The ABC Board did not have authority to adjudicate the creation of a "vested right" in land use, which is a property right created and protected by the law. See Bd. of Supervisors v. Crucible, Inc., 278 Va. 152, 157, 677 S.E.2d 283, 285-86 (2009). Generally, only courts have authority to adjudicate "vested rights," but the General Assembly passed legislation empowering zoning administrators to do so as well. See Code § 15.2-2286(A)(4). See also Crucible, 278 Va. at 157-58, 677 S.E.2d at 286. However, the General Assembly has not extended this limited authority to the ABC Board.

The administrative hearing officer acknowledged that both parties agreed that the "vested rights" issue was not before her and determination of vested rights should properly be made, if at all, by the circuit court. Nevertheless, the hearing officer determined that the County impermissibly changed its position on approval of a farm winery after initially granting permission. The court properly held that this conclusion was essentially a vested rights determination that exceeded the ABC Board's authority.

Further, after Farmer applied to ABC for a farm winery license, Johnson emailed him in May 2016 advising that he lacked sufficient acreage for this use under applicable zoning ordinances. Farmer never appealed the decision to the Board of Zoning Appeals. Under Fairfax County Zoning Ordinances §§ 18-301 and -303, if Farmer disagreed with the zoning administrator's decision, he was required to appeal to the Board of Zoning Appeals within thirty days of the decision. An unappealed decision of a zoning administrator becomes a "thing decided" that is "not subject to attack." Gwinn v. Alward, 235 Va. 616, 621, 369 S.E.2d 410, 412 (1988). The court properly determined that the ABC Board exceeded its authority in granting a license to an applicant who received an adverse zoning determination, but never appealed.

CONCLUSION

For the reasons stated above, we find the circuit court did not err in its determination that the ABC Board exceeded its authority in granting a farm winery license to Bates on Yates, and we affirm the court's decision.

<u>Affirmed.</u>