COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and Russell
Argued at Leesburg, Virginia


HYUNSOOK HIGHLAND

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0368-19-4               JUDGE ROBERT J. HUMPHREYS
                                                  NOVEMBER 19, 2019

VIRGINIA BOARD OF NURSING


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Richard E. Gardiner, Judge

        Howard L. Highland for appellant.

        Charis A. Mitchell, Assistant Attorney General (Mark R. Herring,
        Attorney General; Allyson K. Tysinger, Senior Assistant Attorney
        General, on brief), for appellee.


        On August 14, 2017, appellant Hyunsook Highland ("Highland") submitted an

application to the Virginia Board of Nursing ("Board") for licensure by endorsement to practice

practical nursing. The Board held an informal conference before a Special Conference

Committee on February 20, 2018. The Committee denied Highland's application. Highland

appealed the Committee's decision, and the Committee's order was vacated. Pursuant to the

Virginia Administrative Process Act ("VAPA"), Code § 2.2-4020, the Board held a formal

administrative hearing on May 14, 2018, to determine if Highland satisfied the statutory

requirements to receive a practical nursing license.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At that hearing, Highland submitted evidence and testimony that she completed a registered nursing ("R.N.")[1] education program at Chonnam National University in Korea and was a licensed practical nurse ("L.P.N.") in New York. However, after the formal hearing, the Board denied her application. Specifically, the Board found that Highland had "not completed an approved practical nursing program as required by [the] laws and regulations of [the] Virginia Board of Nursing," nor had she provided "evidence from the [Commission on Graduates of Foreign Nursing Schools ("CGFNS")] that the education program she graduated from in Korea was comparable to those required by the Commonwealth."

Highland appealed the Board's decision to the Circuit Court of Fairfax County ("circuit court"). After argument, the circuit court held that the Board committed no error of law in denying Highland's application. Thereafter, Highland filed a motion for reconsideration. The circuit court suspended its order to reconsider the appeal. After reconsideration, the circuit court denied the motion in part and granted it in part, remanding to the Board to decide whether Highland was eligible for licensure pursuant to 18 VAC 90-19-120(A)(2)(a). Highland now appeals that decision to this Court.

## I. BACKGROUND

### A. Application and Hearings Before the Board

As part of her application for licensure by endorsement as a practical nurse, Highland submitted a validation from CGFNS that she was licensed as a registered nurse in Korea in 1975. Her application also contained reference to a New York L.P.N. license that Highland obtained in 2017. Additionally, she submitted a letter from CGFNS dated September 12, 2017, that verified the authenticity of documents Highland submitted to that organization. Most notably, however,

---

[1] The Code uses "registered" and "professional" nursing interchangeably. See, e.g., Code § 54.1-3000. Those terms, however, are distinguishable from practical nursing. Id.

- 2 -

the letter concluded that it did "NOT provide an evaluation of [Highland's] education and licenses, or a comparison to U.S. standards of education and licensure for their profession."

At the formal hearing before the Board on May 14, 2018, Highland testified that she sought a New York L.P.N. license not because she planned to move to New York, but because she thought getting her license there would be the "easiest" way to get her license in a different state. To obtain an L.P.N. license in New York, Highland submitted verification of her R.N. education "using CGFNS's Credential Verification Service for New York State," which New York accepted to grant her an L.P.N. license.

Highland also testified that she had not practiced as a "hands on" nurse since 1976, except for taking care of her family and friends. In her testimony and the outline of her argument presented to the Board, Highland argued that her R.N. education met the educational requirements of 18 VAC 90-19-120(A)(2) and 18 VAC 90-19-130 because she "utilized the CGFNS Credential Verification Service for New York State," obligating the Board to determine that she met the educational requirements in the Commonwealth. However, at least one Board member was concerned that if granted a license, Highland would not stay within the practice limitations of an L.P.N. because she "know[s] a lot of R.N. information."

After the formal hearing, the Board issued an order containing six findings of fact and a conclusion of law. Among other things, the Board found that "Ms. Highland has not completed an approved practical nursing program as required by [the] laws and regulations of [the] Virginia Board of Nursing." Additionally, it found that "she did not present evidence from the CGFNS that the education program she graduated from in Korea was comparable to those required by the Commonwealth." From these findings, the Board concluded that Highland "does not meet the requirements of Virginia Code § 54.1-3020(2) and 18 VAC 90-19-130(C)(1) of the Regulations Governing the Practice of Nursing." The Board denied Highland's application.

### B. Proceedings in the Circuit Court

In her prayer for relief to the circuit court, Highland requested:

> 1. That this court REVERSE the Board's erroneous findings of fact and conclusion of law . . . and thereupon COMPEL the Board to grant Ms. Highland's original application for an LPN license by endorsement based on a finding that evidence of Ms. Highland's education as an RN completes her application by meeting the educational requirements of Va. Code § 54.1-3020(A)(2), 18 VAC 90-19-130(C)(1); and/or 18 VAC 90-19-120(A)(2)(a);
> 2. Alternatively, that this court SET ASIDE the Board's finding that Ms. Highland's education as an RN does not meet the standard set at 54.1-3020(A)(2) and 18 VAC 90-19-130(C)(1); and REMAND this case for further proceedings in accordance with law as determined by this Court;
> 3. That this Court grant such other relief as may appear just and proper.

In the Board's memorandum in opposition to petition for appeal, the Board included in the "facts" section that "[a]t the hearing, Highland submitted evidence of a [CGFNS] credentials certification stating that her education was comparable to a registered/professional nursing education program." However, that evidence was not actually presented at the hearing.[2] The Board further stated that Highland "did not submit evidence of completion of or comparability to a practical nursing education program."

At oral argument before the circuit court, the court inquired into the evidence in the record to support this misstatement of fact. The Board's counsel agreed with the court's inquiry, stating, "I also do not see that evidence in the record so I do agree with Your Honor with that question mark as far as where that verification occurred." Moreover, she argued, "[Q]uite frankly, Your Honor, it does not matter because she applied for licensure as a Practical Nurse.

---

[2] The only evidence presented at the hearing from CGFNS was the letter verifying the authenticity of the documents Highland submitted to CGFNS, explicitly stating that it was not a credentials comparison, and the verification of her South Korean R.N. license.

- 4 -

So, whether she has been educated as an R.N. or not, she doesn't qualify for licensure as a Practical Nurse."

After oral argument, the circuit court dismissed the petition. First, the court reasoned, 18 VAC 90-19-120(A)(2)(a) and 18 VAC 90-19-130 may conflict with Code § 54.1-3020 to the extent that those regulations would permit an applicant to obtain a license without completing a practical nursing education program. To the extent there was a conflict, the court determined, the statute would control. However, the court stopped short of holding that the regulation was invalid because there was "no evidence in the record . . . to support the interpretation." Second, there was no evidence in the record that Highland completed a practical nursing education program, without which she cannot meet the burden required by Code § 54.1-3020.

Highland then filed a motion for reconsideration, and the circuit court suspended its order. After reconsidering the case, the circuit court issued an opinion letter denying the petition in part and granting it in part, remanding to the Board solely to decide whether Highland was eligible for licensure pursuant to 18 VAC 90-19-120(A)(2)(a). This appeal follows.

## II. ANALYSIS

### A. Standard of Review

"On appeal of agency action under the VAPA, the party complaining bears the 'burden of demonstrat[ing] an error . . . subject to review.'" Va. Bd. of Med. v. Hagmann, 67 Va. App. 488, 499 (2017) (alterations in original) (quoting Code § 2.2-4027). In a VAPA appeal, the circuit court functions as an appellate court, "equivalent to an appellate court's role in an appeal from a trial court." Comm'r, Va. Dep't of Soc. Servs. v. Fulton, 55 Va. App. 69, 80 (2009) (quoting Sch. Bd. v. Nicely, 12 Va. App. 1051, 1062 (1991)). In both the circuit court and the Court of Appeals, appellate review of an agency action is limited to issues of law, including,

> (i) accordance with constitutional right, power, privilege, or
> immunity, (ii) compliance with statutory authority, jurisdiction

- 5 -

limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.

Code § 2.2-4027.

Pure questions of law are reviewed *de novo*. Id. "However, where a decision is within the discretion of the agency, 'judicial interference is permissible only for relief against . . . arbitrary or capricious action that constitutes a clear abuse of . . . delegated discretion.'" Hagmann, 67 Va. App. at 500 (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 244 (1988)). An agency "by definition abuses its discretion when it makes an error of law." Id. (quoting Porter v. Commonwealth, 276 Va. 203, 260 (2008)).

Factual findings are viewed "in the light most favorable to sustaining the agency's decision." Va. Ret. Sys. v. Blair, 64 Va. App. 756, 770 (2015). "The scope of judicial review of an agency exercising its 'fact finding function . . . is severely limited, partly in deference to the agency's expertise in a specialized field.'" Hagmann, 67 Va. App. at 500 (quoting Ga.-Pac. Corp. v. Robinson, 32 Va. App. 1, 4 (2000)). On appeal, a reviewing court may "reject [the] agency's factual findings only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion." Blair, 64 Va. App. at 765 (quoting Doctors' Hosp. of Williamsburg, LLC v. Stroube, 52 Va. App. 599, 607 (2008)).

B. Statutory Construction of Code § 54.1-3020(A)(2) and the Board's Distinction Between R.N. and L.P.N. Education Programs

"On appeal from an agency's determination of law, the deference accorded depends on the law being interpreted." Commonwealth ex rel. Va. State Water Control Bd. v. Blue Ridge Envtl. Def. League, Inc., 56 Va. App. 469, 480 (2010). "[W]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been

entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." Id. (quoting Va. Alcoholic Beverage Control Comm'n v. York St. Inn, Inc., 220 Va. 310, 315 (1979)). Under such circumstances,

> judicial interference is permissible only for relief against the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion. The reviewing judicial authority may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function.

Id. at 480-81 (quoting York St. Inn, Inc., 220 Va. at 315).

When applying this deference, "[c]ourts generally defer to an agency's interpretation of its own regulations." Id. at 481 (quoting Mazloumi v. Dep't of Envtl. Quality, 55 Va. App. 204, 209 (2009)). However, an agency's interpretation of a statute "is accorded no deference because '[w]e have long held that pure statutory interpretation is the prerogative of the judiciary, and thus, Virginia courts do not delegate that task to executive agencies.'" Id. (quoting Mattaponi Indian Tribe v. Commonwealth, Dep't of Envtl. Quality, 43 Va. App. 690, 701 (2004)). When the issue involves pure statutory interpretation, this Court reviews that interpretation *de novo*, "especially if the statutory language is clear." Shippers' Choice of Va., Inc. v. Smith, 52 Va. App. 34, 37 (2008), rev'd on other grounds, 277 Va. 593 (2009).

Highland argues that the circuit court erred in failing to rule that training as a registered nurse necessarily satisfies the lower educational requirements for a licensed practical nurse found in Code § 54.1-3020(A)(2). Whether Highland is correct or not is immaterial to the issue. The statutory language of Code § 54.1-3020(A)(2) is clear in requiring an applicant have "received a diploma from an approved *practical* nursing program" in order to obtain a license to practice as a practical nurse. (Emphasis added). "When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them. The province of [statutory] construction lies wholly within the domain of ambiguity, and that which

- 7 -

is plain needs no interpretation." Lahey v. Johnson, 283 Va. 225, 230 (2012) (quoting Doss v. Jamco, Inc., 254 Va. 362, 370 (1997)). Only if "a literal application [of clear and unambiguous statutory language] would produce a meaningless or absurd result" may we "rely on rules of statutory construction." Avalon Assisted Living Facilities, Inc. v. Zager, 39 Va. App. 484, 503 (2002) (quoting Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91 (1997)).

Here, the language of Code § 54.1-3020(A)(2) is plain: applicants for a practical nursing license must have "received a diploma from an approved practical nursing program." Highland refers to Code § 54.1-3000, which defines the scope of practice for registered nursing and practical nursing. Because, she argues, "[t]he General Assembly has unambiguously defined 'registered nursing' as encompassing *any* 'nursing acts' which 'licensed practical nursing' includes," she must be entitled to licensure as a practical nurse because she was educated as a registered nurse. However logical that interpretation may be, it directly contradicts the plain language of the statute. Because there is no ambiguity in the terms of Code § 54.1-3020(A)(2), this Court may only rely on the rules of statutory interpretation if the clear and unambiguous statutory language produces a meaningless or absurd result. The requirement that an applicant for a specific nursing license have received a diploma based on the specific standards to be applied under that license does not produce an absurd result and therefore any modification of this requirement is more properly addressed to the General Assembly.[3] Thus, we hold that Code § 54.1-3020(A)(2) unambiguously requires a practical nursing applicant to have received a practical nursing diploma, and the circuit court did not err in so holding.

Similarly, Highland avers that the circuit court erred "when it erroneously substituted its own independent judgment for that of the Board with respect to evidence on the agency record

---

[3] During the formal hearing, one Board member seemed concerned that Highland would not stay within the practice limitations imposed on practical nurses if licensed as an L.P.N. because she "knows a lot of R.N. information."

which demonstrates that it was arbitrary and capricious for the Board to rule that Ms. Highland's registered nursing education is not a practical nursing education and therefore not comparable to the nursing education required for practical nurses in the Commonwealth." The Board, Highland argues, has interpreted Code § 54.1-3020 and 18 VAC 90-19-130(C)(1) to include registered nursing education programs because it treats registered nursing as a higher level of nursing than practical nursing.

An action is arbitrary and capricious when it is "'willful and unreasonable' and taken 'without consideration or in disregard of facts or law or without determining principle.'" Loudoun Hosp. Center v. Stroube, 50 Va. App. 478, 505 (2007) (quoting Arbitrary and capricious, Black's Law Dictionary (6th ed. 1990)). Nursing applicants registered outside of the United States or Canada can qualify for licensure by endorsement as a practical nurse in the Commonwealth if they *both*: (1) hold a diploma in practical nursing, meeting the requirements of Code § 54.1-3020(A)(2); and (2) submit, *inter alia*, "evidence from the CGFNS that the secondary education and nursing education [they have completed] are comparable to those required for practical nurses in the Commonwealth." Code § 54.1-3020(A)(2); 18 VAC 90-19-130(C)(1).

Highland satisfied neither requirement. Based on the discussion above, it is not willful and unreasonable for the Board to interpret Code § 54.1-3020(A)(2) and 18 VAC 90-19-130(C)(1) to require Highland to present evidence from the CGFNS that she received a practical nursing diploma and evidence that such education was comparable to the education required for practical nurses in the Commonwealth. By definition, the Board cannot act arbitrarily or capriciously if it relies on the plain language of the statute. However, Highland did not receive a diploma in practical nursing nor is there evidence in the agency record that

- 9 -

Highland's nursing education from Korea is comparable to a practical nursing education in the Commonwealth.

### C. Deference to the Board

Highland argues that the circuit court did not properly defer to the Board's findings of fact and should have "set aside the Board's order with respect to the single issue of whether Ms. Highland's registered nursing education is comparable to what is required for practical nurses." According to Highland, the circuit court erred when it determined that "the Board made no finding of fact that Highland received an education comparable to a registered/professional nurse." Moreover, Highland argues that the circuit court "had no basis for making the inference that '[t]here was a finding by the Board that Highland had not presented any evidence that her R.N. education was comparable to that required for R.N.s in Virginia.'"

Applicants for licensure bear the burden of "furnish[ing] evidence satisfactory to the Board that the applicant" has met the prerequisites for licensure. Code § 54.1-3020(A). On appeal, the circuit court may review the agency record to determine whether there was substantial evidence in the agency record to support the agency's decision. Code § 2.2-4027. Here, the circuit court reviewed the agency record. The record contained the Board's finding of fact that Highland failed to meet her burden, in part, because she "did not present evidence from the CGFNS that the education program she graduated from in Korea was comparable to those required by the Commonwealth." By interpreting this finding by the Board to mean that CGFNS comparability evidence was not contained in the record, the circuit court properly deferred to the Board's findings of fact. Therefore, Highland has failed to demonstrate an error subject to review.

### D. Circuit Court's Partial Remand to the Board

Highland further argues that because her request for relief specifically excluded the remedy of remanding on the issue of whether she qualified for licensure under 18 VAC 90-19-120(A)(2)(a), the circuit court erred in remanding that issue and that portion of its order is void. As part of this assignment of error, Highland requests that the circuit court judge be disqualified from hearing the case should we remand to the circuit court.

As explained in greater detail above, because the plain language of Code § 54.1-3020(A)(2) requires that applicants for licensure as L.P.N.s have "received a diploma from an approved practical nursing program," the circuit court's partial remand was error. The language of that statute is unambiguous, and it is clear from the record that Highland did not qualify for licensure under that statute because she did not receive a diploma from an approved practical nursing program. Accordingly, she was not eligible for licensure under *any* regulation. See Manassas Autocars, Inc. v. Couch, 274 Va. 82, 87 (2007) ("Regulations . . . may not conflict with the authorizing statute."). Thus, there was no basis on which to remand to the Board and we reverse the portion of the circuit court's order granting a partial remand. Because there is no basis for a remand in this case, we need not address Highland's request to disqualify the circuit court judge.

### E. Attorney's Fees

Finally, Highland argues that she is entitled to attorney's fees because she should prevail in this appeal, and an award of fees would not be "unjust." A party is only entitled to attorney's fees if she "substantially prevails on the merits of the case and (i) the agency's position is not substantially justified, (ii) the agency was in violation of law, or (iii) the agency action was for an improper purpose." Code § 2.2-4030. Because Highland has not substantially prevailed on the merits of the case, we decline to award her attorney's fees.

## III. CONCLUSION

Because we hold that Highland was not eligible for licensure under the plain language of Code § 54.1-3020(A)(2), we need not address her remaining assignment of error regarding an alleged judicial admission.  In summary, we hold that Highland has failed to meet her burden in demonstrating an error subject to review, the circuit court did not substitute its own independent judgment for the agency's determinations, and the Board's interpretation of its own regulations was not arbitrary or capricious.  For these reasons, we reverse the circuit court's judgment with respect to the partial remand to the Board and we affirm the circuit court's judgment in all other respects.

Affirmed in part, and reversed in part.