PRESENT:  All the Justices


BEA ANTISDEL, AS PERSONAL REPRESENTATIVE
OF PETER ANTISDEL, DECEASED

v.    Record No. 082475                           OPINION BY
                                        JUSTICE BARBARA MILANO KEENAN
                                               January 15, 2010
JEFFREY A. ASHBY, M.D., ET AL.


              FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                        Dennis Lee Hupp, Judge

     In this appeal, we consider whether the circuit court erred

in holding that an administrator of an estate appointed solely for

the purpose of bringing a wrongful death action under Code § 8.01-

50 lacked standing to assert survival claims on behalf of the

estate.

     Peter Antisdel died from a self-inflicted gunshot wound in

August 2003.  In 2005, his mother, Bea Antisdel (Antisdel), sought

appointment as administrator of Peter's estate.  Antisdel swore an

"oath of fiduciary" stating that she would "perform the duties of

[administrator] for the purposes allowed in Virginia Code § 8.01-

50."  The clerk of the circuit court (the clerk), consistent with

that oath, entered an order appointing Antisdel administrator "for

purposes established under Code of Virginia section 8.01-50 et

seq."

     Before seeking the appointment order, Antisdel had filed a

wrongful death action against certain doctors who treated Peter,

and against the manufacturers and distributors of medications prescribed to Peter for the treatment of acne and anxiety-like symptoms. The circuit court later granted Antisdel leave to amend this complaint to include survival claims for personal injuries suffered by Peter during his lifetime. Antisdel ultimately nonsuited this action, and also nonsuited a second action in which she alleged both wrongful death and survival claims.

In November 2006, Antisdel filed the complaint from which this appeal arises. In this third action, Antisdel asserted only survival claims. Antisdel alleged that her son suffered severe physical and mental harm because of certain undisclosed side effects and interactions of the several prescription medications.

In response, the defendants[1] filed pleas in bar asserting that Antisdel lacked standing to bring the personal injury survival claims, because the order appointing her as administrator expressly limited her appointment to the initiation of a wrongful death action under Code § 8.01-50.[2] The circuit court held a hearing on the pleas in bar during which Antisdel made several

_____

[1] The defendants to the third action in the circuit court were Watson Pharmaceuticals, Inc., Harrisonburg Family Practice Associates, P.C., Jeffrey A. Ashby, M.D., Michael J. Syptak, M.D., Harrisonburg Dermatology, PLC, Jerri A. Alexiou, M.D., Sandoz, Inc., and Eli Lilly & Company, Inc. Eli Lilly & Company, Inc. settled its claims with Antisdel and is not a party to this appeal. After this appeal was granted, Sandoz, Inc. and Watson Pharmaceuticals, Inc. also settled their claims with Antisdel.

[2] The defendants also filed pleas in bar asserting that the statute of limitations barred Antisdel's action. However, the circuit court did not reach that issue.

2

arguments, including that the circuit court should "reform" the appointment order nunc pro tunc to include the authority to bring survival claims.

The circuit court granted the pleas in bar, holding that the clerk's appointment order expressly limited the scope of Antisdel's appointment to the pursuit of a wrongful death action and that, therefore, Antisdel did not have standing to assert survival claims on behalf of Peter's estate. The circuit court also declined to enter an order nunc pro tunc to expand retroactively Antisdel's administrative authority. The circuit court dismissed the case with prejudice, and Antisdel appeals from the circuit court's judgment.

Antisdel observes that under the plain language of Code § 64.1-75.1, a circuit court clerk may appoint an administrator for the purpose of litigating two separate types of suit, wrongful death actions and survival actions. Thus, Antisdel asserts that the clerk lacked authority to limit Antisdel's appointment to only one of these types of action. Antisdel argues that a contrary position would deny an administrator the right to assert claims in the alternative, which expressly is permitted by Code §§ 8.01-272 and -281, and would thereby prematurely force an administrator to an election of remedies.

Antisdel also contends that the defendants have waived their argument regarding her authority to bring a survival action,

3

because they did not raise this objection in the second action before the circuit court entered its nonsuit order. Additionally, Antisdel argues that even if the clerk had the authority to limit her appointment to the initiation of a wrongful death action, the circuit court erred when it refused to "reform" the appointment order nunc pro tunc to expand Antisdel's authority as administrator.

In response, the defendants contend that the circuit court did not err in denying Antisdel's untimely request for expanded administrative powers made over two years after her appointment. While the defendants concede that circuit courts have the power to correct a court clerk's errors or omissions by entry of a nunc pro tunc order, they argue that this case does not present a question of error or oversight by the clerk. The defendants assert that Antisdel received in the clerk's order precisely the limited authority that she requested.

Addressing the issue of waiver, the defendants assert that they are entitled to raise the issue of Antisdel's standing in the present action, because this action is wholly distinct from the second nonsuited action. We agree with the defendants' arguments.

Initially, we find no merit in Antisdel's assertion that the defendants did not timely object to Antisdel's standing to bring a survival action. The defendants' failure to raise that objection in the second nonsuited action does not bar their present

4

objection. A defendant is not limited in a new action to raising only the defenses asserted in a previously nonsuited action, because the new action stands independently of any prior nonsuited action. See Daniels v. Warden, 266 Va. 399, 402, 588 S.E.2d 382, 383 (2003); see also Winchester Homes, Inc. v. Osmose Wood Preserving, Inc., 37 F.3d 1053, 1058 (4th Cir. 1994) (applying Code § 8.01-380).

We next consider the merits of Antisdel's appeal. The issue of her standing to bring the present survival claims involves a purely legal question of statutory interpretation that we review de novo. See Miller v. Highland County, 274 Va. 355, 364, 650 S.E.2d 532, 535 (2007); Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007); Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). We resolve this issue by applying established principles of statutory construction.

When the language of a statute is unambiguous, we are bound by the plain meaning of the words used. Smit v. Shippers' Choice of Virginia, Inc., 277 Va. 593, 597, 674 S.E.2d 842, 844 (2009); Hicks v. Mellis, 275 Va. 213, 218, 657 S.E.2d 142, 144 (2008); Shelor Motor Co. v. Miller, 261 Va. 473, 479, 544 S.E.2d 345, 348 (2001). We recognize that the General Assembly carefully selects the words contained in a statute, and we will not read a legislative enactment in a manner that renders any

portion of that enactment useless.  Lynchburg Div. of Soc.

Servs. v. Cook, 276 Va. 465, 483, 666 S.E.2d 361, 370 (2008);

Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d

335, 338 (1998); Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d

61, 64 (1984).  Instead, we will apply an act of the legislature

by giving reasonable effect to every word used.  Jones, 227 Va.

at 181, 314 S.E.2d at 64.  Additionally, in a dispute that

involves a number of related statutes, we will read and construe

them together in order to give full meaning, force, and effect

to each.  Lynchburg, 276 Va. at 480-81, 666 S.E.2d at 368-69;

Liberty Mutual Ins. Co. v. Fisher, 263 Va. 78, 84, 557 S.E.2d

209, 212 (2002); City of Virginia Beach v. Siebert, 253 Va. 250,

252, 483 S.E.2d 214, 216 (1997).

The issue of Antisdel's standing to bring the present action

requires us to consider two statutes.  The first statute, Code

§ 64.1-75.1, addresses the appointment of an administrator and

provides in relevant part:

> In any case in which it is represented that an action at
> law for personal injury or death by wrongful act upon a
> cause of action arising within this Commonwealth is
> contemplated against or on behalf of the estate or the
> beneficiaries of the estate of a resident or nonresident of
> this Commonwealth who has died within or without this
> Commonwealth and for whose estate an executor has not been
> appointed, an administrator of such person may be
> appointed, solely for the purpose of prosecution of said
> suit, by the clerk of the court having jurisdiction for the
> probate of wills in the county or city in which
> jurisdiction and venue would have been properly laid for

6

such action in the same manner as if the person for whom the appointment thereof is sought had survived.

The second statute we consider, Code § 26-12.2, provides an exception to the inventory and settlement duties of a personal representative.  That statute states:

An inventory under § 26-12 or a settlement under § 26-17 shall not be required of a personal representative who qualifies for the sole purpose of bringing an action under § 8.01-50. However, if there be no surviving relative designated as a beneficiary under § 8.01-53 and the court directs that the funds recovered in such action be paid to the personal representative for distribution according to law, such personal representative shall file the inventory required in § 26-12 and the statement required under § 26-17.

The language of Code § 64.1-75.1 plainly permits a circuit court clerk to appoint an administrator for the purpose of bringing both personal injury survival actions and wrongful death actions.  Administrators appointed for both purposes may assert wrongful death and personal injury survival claims in the alternative, although they may only recover once for the same injury.  See Code § 8.01-56; Centra Health, Inc. v. Mullins, 277 Va. 59, 77-79, 670 S.E.2d 708, 717-18 (2009).  Additionally, administrators who assert both types of claims cannot be forced to elect between them before they have had a full opportunity to develop their case.  Id. at 77-79, 670 S.E.2d at 717-18.

The present situation, however, is not one in which an administrator with authority to assert alternative claims has been prevented from doing so.  Instead, the present situation is

7

one in which an administrator appointed solely for one purpose asserts that, by operation of Code § 64.1-75.1, she has standing to pursue a different type of claim not specified in her written order of appointment.

The two statutes quoted above, when considered together, directly refute Antisdel's contention. The plain language of Code § 64.1-75.1 authorizes a circuit court clerk, when an executor has not been appointed for an estate, to appoint an administrator solely for the purpose of bringing an action for personal injury or wrongful death. Nothing in the language of this statute, however, requires that a circuit court clerk always authorize an administrator seeking to file one particular type of action to bring both types of actions.

The fact that an administrator may be appointed solely for the purpose of bringing a wrongful death action is confirmed by a reading of Code § 26-12.2. This statute specifically exempts a personal representative who has qualified for the "sole purpose" of bringing a wrongful death claim from the inventory and settlement filing requirements applicable to the administration of an estate. Moreover, if the appointment of an administrator solely for purposes of bringing a wrongful death action, as referenced in Code § 26-12.2, were prohibited by implication in Code § 64.1-75.1, the filing exceptions created by Code § 26-12.2 would be rendered meaningless. We will not read this

8

statute in a manner that would eliminate an entire provision crafted by the General Assembly.  See Lynchburg, 276 Va. at 483, 666 S.E.2d at 370; Hubbard, 255 Va. at 340, 497 S.E.2d at 338; Jones, 227 Va. at 181, 314 S.E.2d at 64.

We also observe that that this statutory exception provided in Code § 26-12.2 is reflective of the more limited duties of an administrator appointed solely for the purpose of bringing a wrongful death action.  Unlike the proceeds from a personal injury survival action, sums recovered in a wrongful death action generally are awarded directly to a decedent's beneficiaries, are unaffected by the decedent's debts and liabilities, and do not pass through the decedent's estate.  See Bagley v. Weaver, 211 Va. 779, 782, 180 S.E.2d 686, 689 (1971); Cassady v. Martin, 220 Va. 1093, 1101, 266 S.E.2d 104, 108 (1980).  Therefore, as provided by Code § 26-12.2, an administrator appointed for the sole purpose of bringing a wrongful death claim involving designated beneficiaries is not required to comply with inventory and settlement requirements applicable to an administrator of an estate.

Contrary to Antisdel's contention, our reading of these two statutes does not force a premature election of remedies or place any limitation on the ability of a duly-appointed administrator to pursue all actions within the scope of his or her appointment power.  Thus, an administrator appointed for the

9

purposes of filing both a wrongful death action and a personal injury survival action may assert both causes of action and plead them in the alternative.  See Code §§ 8.01-272 and -281; Centra Health, 277 Va. at 77-79, 670 S.E.2d at 717-18.

We also disagree with Antisdel's contention that the circuit court erred in refusing to "reform" the appointment order nunc pro tunc to grant her retroactively the authority to bring survival claims.  The purpose of an order entered nunc pro tunc is to correct mistakes or omissions in the record so that the record properly reflects the events that actually took place. Brake v. Payne, 268 Va. 92, 100, 597 S.E.2d 59, 64 (2004); Council v. Commonwealth, 198 Va. 288, 292-93, 94 S.E.2d 245, 248 (1956).  Orders entered nunc pro tunc cannot retroactively record an event that never occurred, or have the record reflect a fact that never existed.  Brake, 268 Va. at 100, 597 S.E.2d at 64; Council, 198 Va. at 292-93, 94 S.E.2d at 248.

The entry of an order nunc pro tunc is a matter within the sound discretion of the circuit court.  Jefferson v. Commonwealth, 269 Va. 136, 140, 607 S.E.2d 107, 110 (2005); Council, 198 Va. at 293, 94 S.E.2d at 248.  Nunc pro tunc entry should be made only if "the evidence constituting the basis for the correction of the record [is] clear and convincing" and when "the errors to be corrected are proved beyond all doubt." Council, 198 Va. at 293, 94 S.E.2d at 248.

10

Here, at the time Antisdel sought the appointment order from the clerk, the only action pending in the circuit court was her wrongful death claim. Antisdel swore an oath of fiduciary declaring that she would perform her duties as administrator for the sole purpose of bringing a wrongful death action under Code § 8.01-50. The clerk's appointment order accurately reflected that declaration and, consistent with the declaration and appointment order, the clerk exercised her authority to waive the inventory and fees associated with a broader grant of administrative authority. Therefore, Antisdel's request for appointment, her oath of fiduciary, and the appointment order accurately reflected the events that transpired. Under these facts, entry of the nunc pro tunc appointment order requested by Antisdel improperly would have created a fiction, establishing the granting of a fiduciary power that never existed.

Antisdel may not have received the qualification authority that she intended but, on this record, the responsibility for that mistake lies with Antisdel and not with the clerk. Antisdel asked to qualify for the limited purpose stated in Code § 8.01-50, and the clerk's order was consistent with Antisdel's oath. Accordingly, we conclude that the circuit court did not err in granting the defendants' pleas in bar because Antisdel lacked standing to bring the present action.

11

For these reasons, we will affirm the circuit court's judgment.

Affirmed.