COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Russell and Malveaux
Argued at Norfolk, Virginia


JACOB ANDREW HERRINGTON
                                                          OPINION BY
v.        Record No. 0590-19-1              JUDGE WESLEY G. RUSSELL, JR.
                                                      MARCH 24, 2020
CITY OF VIRGINIA BEACH


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

        Kristin Paulding for appellant.

        Jason Kowalski, Assistant Commonwealth's Attorney (Colin D.
        Stolle, Commonwealth's Attorney for the City of Virginia Beach, on
        brief), for appellee.


        Jacob Andrew Herrington, appellant, was convicted in a bench trial of failing to identify

himself to a uniformed police officer in violation of Virginia Beach City Code § 23-7.1, a Class 1

misdemeanor.  On appeal, he argues that he did not violate the ordinance because the circumstances

surrounding his failure to identify himself to the officer would not have caused a reasonable man

to conclude that public safety required the identification.  For the following reasons, we agree

with appellant and reverse his conviction.

BACKGROUND[1]

        The evidence is largely undisputed.  In August 2018, Virginia Beach Police Officer

David Bowers was dispatched to a gas station/convenience store in response to a report that "two

homeless individuals were asking customers for money and refused to leave the property."

_____

        [1] Appellant submitted a written statement of facts endorsed by the trial judge in lieu of a
transcript pursuant to Rule 5A:8(c).

Bowers arrived at the scene and identified two men who generally met the description he had been given when dispatched. The two men were not interacting with the store's customers at that time, but rather, were standing near the fence in the rear parking lot.

Bowers approached the men and asked the first for identification. The first man provided the requested information. Bowers then confronted the second man, appellant, and explained to him that he was dispatched to the convenience store for possible "pan-handling" and the store wanted appellant banned from the property. When Bowers asked appellant for identification, appellant responded that he did not have any. Bowers persisted in his attempts to identify appellant. Appellant continued to refuse to provide the information and cited Terry v. Ohio and Miranda v. Arizona as justification for his refusal.

As the encounter progressed, Bowers detected an odor of alcohol coming from appellant. Bowers testified that appellant's speech was slurred. Based on these observations, Bowers placed appellant under arrest for being drunk in public and failure to identify himself to law enforcement.[2] Incident to the arrest, Bowers located appellant's identification.

Officer Nathanial Worthing assisted Bowers in dealing with appellant at the scene. Worthing testified that appellant was argumentative and rude. He confirmed that Bowers explained to appellant why the police were dispatched to the store and that appellant, citing Terry and Miranda, refused to provide identification in response to Bowers' repeated requests.

Appellant testified that he went to the store to pass the time while waiting for a bus. He claimed that he did not ask anyone for money and did not know the other individual Bowers had questioned. The only contact appellant had with the other individual was to give the man a cigarette. When the officers approached appellant, he was at the back of the store's parking lot and there were no customers near him.

---

[2] The drunk in public charge is not at issue in this appeal.

According to appellant, when Bowers asked for his identification, appellant asked why the officers needed his identification.  Appellant disputed the claim that anyone from the store asked him to leave the property.  Appellant testified that it was his understanding that he had a legal right to refuse to identify himself to law enforcement.  Appellant also explained that he had a history of mental illness.

During closing argument, the City acknowledged that appellant's version of his encounter with the officers was "highly consistent" with the City's evidence.  The City then argued that those largely undisputed facts established that appellant had violated Virginia Beach City Code § 23-7.1 when he refused to identify himself in response to Bowers' request.  Appellant responded by noting that the ordinance only requires a person to respond to such a request when "the surrounding circumstances are such as to indicate to a reasonable man that the public safety requires such identification" and that the evidence did not establish such circumstances here.

The trial court found that the evidence established the necessary elements of the ordinance and convicted appellant.  Appellant appeals, again asserting that the evidence did not satisfy the ordinance's element that the circumstances were "such as to indicate to a reasonable man that the public safety requires such identification."

ANALYSIS

I.  Standard of Review

"Ordinarily, when faced with 'a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the prevailing party, including any inferences the factfinder may reasonably have drawn from the facts proved.'"  Hannon v. Commonwealth, 68 Va. App. 87, 92 (2017) (quoting Smith v. Commonwealth, 282 Va. 449, 453 (2011)). Nevertheless, when a challenge to a conviction "presents the question whether the facts proved, and the legitimate inferences drawn from them, fall within the language of a[n ordinance], we

must construe [the ordinance's] language to answer the question. That function presents a pure question of law which we consider *de novo* on appeal." Smith, 282 Va. at 453-54; see also Hodges v. Commonwealth, 64 Va. App. 687, 693 (2015).

In interpreting an ordinance, we apply the same rules of construction applicable to statutes. Accordingly, "our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used" in the ordinance. Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425 (2012) (quoting Commonwealth v. Amerson, 281 Va. 414, 418 (2011)) (internal quotation marks omitted). We do so by construing its words "according to their ordinary meaning, given the context in which they are used." City of Va. Beach v. Bd. of Supervisors, 246 Va. 233, 236 (1993) (quoting Grant v. Commonwealth, 223 Va. 680, 684 (1982)). Accordingly, "we will not read a legislative enactment in a manner that renders any portion of that enactment useless[,]" but rather, we faithfully apply the ordinance "by giving reasonable effect to every word used." Antisdel v. Ashby, 279 Va. 42, 48 (2010). Finally, because the ordinance imposes a criminal penalty, its terms must be "strictly construed against the State[.]" Armstrong v. Commonwealth, 263 Va. 573, 581 (2002) (quoting Dep't of Motor Vehicles v. Athey, 261 Va. 385, 388 (2001)).

## II. Virginia Beach City Code § 23-7.1

In pertinent part, Virginia Beach City Code § 23-7.1 provides that

> [i]t shall be unlawful and a Class 1 misdemeanor for any person at a public place or place open to the public to refuse to identify himself by name and address at the request of a uniformed police officer . . . *if the surrounding circumstances are such as to indicate to a reasonable man that the public safety requires such identification*.[3]

---

[3] We note that the ordinance at issue here is not unique to the City of Virginia Beach. Such ordinances are sufficiently common that Virginia's appellate courts have been called on to address issues related to them on at least two prior occasions. See Jones v. Commonwealth, 230 Va. 14 (1985); Tokora-Mansary v. Cty. of Stafford, No. 1594-09-4 (Va. Ct. App. July 27, 2010).

(Emphasis added). Here, it is undisputed that, in a public place, Bowers, while wearing his uniform, requested that appellant identify himself and that appellant refused. Accordingly, the only question raised by this appeal is whether the evidence established that Bowers' request was made under such circumstances "as to indicate to a reasonable man that the public safety requires such identification." Id.

The City urges us to conclude that, whenever an officer has suspicion that the person may have committed a crime, the ordinance's public safety element is satisfied. In essence, the City argues that every criminal offense, whether or not the crime involves potential harm or damage to a person or property, is an offense against public order, and thus, implicates public safety concerns. We decline to read the ordinance's "public safety" element in such an expansive manner.

Properly understood, the ordinance's requirement that public safety be at issue is language of limitation that restricts the scope of the ordinance. Giving the phrase its plain and ordinary meaning, we conclude that the public safety element requires that the circumstances suggest an immediate potential for injury or damage to a person or property. If either the crime being investigated does not involve such potential, or if it did exist, such potential no longer exists at the time the request for identification is made, the public safety element has not been satisfied.[4]

If adopted, the City's position would require a person to provide identifying information any time an officer requested it for an investigative purpose, regardless of whether the investigation dealt with activity or otherwise presented circumstances that a reasonable man

---

[4] The City conceded at oral argument in this Court that the ordinance implicitly contains a temporal element that allows a potential threat to public safety to dissipate over time. See also Tokora-Mansary, No. 1594-09-4, at *4 (finding that, despite the defendant's belligerent and assaultive behavior, the Stafford ordinance's public safety element was not satisfied because the request for identification was made after the defendant "was seated in the police vehicle, handcuffed, and her feet were shackled[,]" and thus, any potential public safety issue had passed).

would view as posing a public safety issue.[5]  Because this construction effectively would read the "public safety" element out of the ordinance, we cannot adopt it.  Antisdel, 279 Va. at 48.

Applying our understanding of the ordinance to the facts here, it becomes clear that appellant did not violate the ordinance.  When the officers approached appellant and requested that he identify himself, appellant was at the property's fence line and was not interacting with the store's customers.  No immediate threat to public safety would have been apparent to anyone, whether a reasonable man or otherwise, and certainly no threat to public safety would have dissipated if appellant had identified himself in response to Bowers' request.  In fact, when asked at oral argument in this Court to identify what threat to public safety would have been "apparent to a reasonable man" when Bowers asked appellant to identify himself, the City candidly conceded that there was "not a specific threat to the public" safety at that time.  Accordingly, the evidence did not establish that the "circumstances [we]re such as to indicate to a reasonable man that the public safety require[d] such identification[,]" Virginia Beach City Code § 23-7.1, and therefore, the trial court erred in convicting appellant of violating the ordinance.[6]

## CONCLUSION

For the foregoing reasons, we conclude that the trial court erred in finding the evidence sufficient to convict appellant of violating Virginia Beach City Code § 23-7.1.  Accordingly, we

---

[5] In support of its argument, the City cites to the Supreme Court's decision in Jones.  In Jones, the issue was not whether Jones had violated a similar ordinance, but rather, whether the application of the ordinance to Jones violated the Fourth Amendment.  230 Va. at 17.  Specifically, Jones contended that he was subject to an unlawful detention at the time he provided false identifying information to officers.  The Supreme Court rejected the argument, concluding that because there was "a complete, independent basis for the detention and questioning of Jones" independent of the ordinance, the ordinance did not "violate or even implicate the Fourth Amendment."  Id. at 20.  In this case, appellant has not raised a Fourth Amendment challenge to the ordinance, and thus, Jones does not provide the rule of decision.

[6] In reaching this conclusion, we offer no opinion on whether there was reasonable suspicion or probable cause to allow the officers to detain or arrest appellant for other offenses, such as trespassing or being drunk in public.

reverse the judgment of the trial court, vacate appellant's conviction, and dismiss the warrant charging him with a violation of Virginia Beach City Code § 23-7.1.

<u>Reversed and dismissed.</u>