UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Callins and Senior Judge Petty
Argued at Lexington, Virginia

EVA LAVONNE STEPHENSON

v.      Record No. 0972-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
EVA LAVONNE STEPHENSON                          JUDGE WILLIAM G. PETTY
                                                AUGUST 23, 2022
v.      Record No. 0974-21-3

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
W. Chapman Goodwin, Judge

H. Eugene Oliver, III (Evans Oliver PLC, on briefs), for appellant.

Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellee.


A jury convicted Eva Lavonne Stephenson of two counts of misdemeanor assault and

sentenced her to two days in jail and a $1000 fine.[1]  On appeal, Stephenson argues that the

convictions violated her statutory and constitutional speedy trial rights.  She contends that the

Supreme Court of Virginia's judicial emergency orders issued in response to the COVID-19

pandemic could not justify the delays in her trial because they violated the Virginia Constitution's

separation of powers provisions.  Stephenson also challenges the trial court's exclusion of certain

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth originally charged Stephenson with two counts of felony assault on
a firefighter in violation of Code § 18.2-57(C).  On each indictment, the jury convicted her of the
lesser-included offense of misdemeanor assault.

medical records from the evidence and the sufficiency of the evidence to prove she intended to commit an assault.  Finally, Stephenson argues that the trial court erred by revoking a previously-suspended sentence based on the allegedly "improper" assault convictions.  For the following reasons, we affirm the trial court's judgments.

BACKGROUND[2]

A.  Procedural History

On August 17, 2019, Stephenson was arrested on two felony charges of assaulting a firefighter and denied bail.  On January 9, 2020, the general district court found probable cause to certify the assault charges to the grand jury and, on January 27, 2020, the grand jury indicted her on two counts of assaulting a firefighter.  Stephenson demanded a jury trial, which was initially set for April 27, 2020.

On March 16, 2020, the Supreme Court of Virginia declared a judicial emergency in response to the COVID-19 pandemic and restricted all trials and non-emergency proceedings.  *See In re:* Order Declaring a Judicial Emergency in Response to COVID-19 Emergency 1-2 (Va. Mar. 16, 2020).[3]  The order also tolled and extended all deadlines pursuant to Code § 17.1-330(D).  *Id.* at 1 ¶ 4.  Effective every twenty-one days thereafter, the Supreme Court

---

[2] On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."  *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[3] Additional references in this opinion to the Supreme Court's first order and subsequent related orders are to "emergency order" or "EDO of [date]."  *See* EDO of Apr. 22, 2020, at 1 (referring to the Supreme Court's first three orders "collectively . . . as the 'Emergency Declaration Orders'").

entered emergency orders unanimously extending the period of judicial emergency.[4]  The order of May 1, 2020 specifically tolled the running of the speedy trial deadlines set out in Code § 19.2-243.  *See* EDO of May 1, 2020, at 2 ¶ 3.  Subsequent orders continued the tolling of Virginia's statutory speedy trial deadlines.  Taken together, the Supreme Court's emergency orders suspended jury trials entirely during a roughly eight-week period.  *See* EDO of May 6, 2020, at 5 ¶ 12; EDO of June 22, 2020 (6th Order), at 5 ¶¶ 15-16; EDO of July 8, 2020, at 1 ¶ 2. The Supreme Court then authorized jury trials to resume in each judicial circuit, subject to the Court's approval of a written plan detailing how that circuit would conduct such trials safely during the pandemic.  *See* EDO of June 22, 2020 (6th Order), at 5-6 ¶¶ 15-16; EDO of July 8, 2020, at 1 ¶ 2.  Nevertheless, it continued the tolling of deadlines imposed by the Speedy Trial Act, Code § 19.2-243.  *See* EDO of Sept. 11, 2020, at 1-2.  These deadlines remained suspended throughout the period before Stephenson's jury trial.

In this case, because of the ongoing judicial emergency and "risk of COVID-19 exposure," the trial court *sua sponte* continued Stephenson's jury trial date three times over her objection.  On February 5, 2021, the Supreme Court approved the trial court's plan to resume jury trials.  The trial court then set Stephenson's jury trial for August 11 and 12, 2021.

### B.  Motion to Dismiss

On February 24, 2021, Stephenson moved to dismiss the indictments on statutory and constitutional speedy trial grounds.  In her written motion, Stephenson argued that the trial court's "rescheduling" of trial "beyond the five-month" time period specified in Code § 19.2-243 violated her right to a speedy trial.  At a hearing on March 30, 2021, Stephenson reiterated her

---

[4] As relevant here, the Supreme Court extended the period of judicial emergency through August 11 and 12, 2021, the dates of Stephenson's jury trial.  *See* EDOs of Mar. 27, Apr. 22, May 1, May 6, June 1, June 8, June 22, July 8, July 29, Aug. 7, Aug. 20, Sept. 4, Sept. 28, Oct. 19, Nov. 9, Dec. 3, Dec. 18, 2020; *see also* EDOs of Jan. 19, Feb. 8, Mar. 2, Mar. 15, Apr. 12, May 3, May 17, May 26, June 15, June 29, July 7, and Aug. 4, 2021.

statutory speedy trial argument. In addition, Stephenson argued that the Commonwealth was "using COVID-19 as an excuse" to coerce inmates to accept plea bargains by deliberately protracting their pretrial detention, "rather than provid[e] the constitutional rights to . . . a speedy trial." The trial court held that the COVID-19 pandemic and the Supreme Court's emergency orders justified the delay. Accordingly, the trial court denied the motion to dismiss.

## C. Trial

The Commonwealth's evidence established that at 3:30 a.m. on August 13, 2019, Craigsville Volunteer Fire Department Chief Tracy Martin and Lieutenant David Stokes arrived at Stephenson's residence in response to a reported fire. In a field behind the property, Stokes found Stephenson leaning on a shovel as she watched flames spread from her mobile home to an abandoned house. When Martin and Stokes encouraged her to move to a safer location, Stephenson appeared "confused" and "began saying a lot of stuff that didn't make any sense." Stephenson became upset and swung the shovel at the firefighters "like a baseball bat." Dodging the attack, Martin and Stokes had police transport Stephenson to a hospital.

Testifying for the defense, Dr. George Lindbeck, an emergency room physician, explained that Stephenson "exhibited delusional thinking" when she was admitted to the emergency room. He testified that Stephenson's account that she had just survived a fire "didn't seem to fit" because she "had no burn injuries." Consequently, Dr. Lindbeck concluded that Stephenson's "concept of the fire and the resulting burns was delusional." He grew "[c]oncerned about [Stephenson's] ability to take care of herself" and had considered obtaining a temporary detention order. Ultimately, however, he did not seek such an order because he determined that "effects of multiple medications" likely caused Stephenson's delusions, rather than a mental condition.

During Dr. Lindbeck's testimony, Stephenson sought to admit an emergency department report that contained a summary of her psychiatric history. Specifically, the report stated that she had "a history of T2DM, depression, anxiety, PTSD, HCV, fibromyalgia, and MVC in March 2017." The Commonwealth objected that the psychiatric history was inadmissible under Code § 19.2-271.6 because the statute required Stephenson to establish that she had a mental condition that "existed at the time of the offense." The Commonwealth conceded that Dr. Lindbeck could testify regarding his personal observations but maintained that Stephenson's prior psychiatric diagnoses were admissible solely as "mitigation evidence for sentencing." Stephenson countered that the statute "entitled" the jury to receive such evidence because it was probative of her intent at the time of the offense.

During voir dire outside the jury's presence, Dr. Lindbeck testified that Stephenson's "delusional thinking" was likely "medication-related" rather than "psychiatric" because her mental state improved during treatment. He acknowledged, however, that he was not a psychiatrist and could not definitively diagnose Stephenson with a mental illness at the time of the offense.

Following additional argument, the trial court found that Code § 19.2-271.6 required Stephenson to present "evidence of her [mental] condition at the time of the incident" and the evidence did not establish that she had a mental condition at the time the assaults occurred. Accordingly, the trial court ruled that the report was inadmissible but allowed Dr. Lindbeck to testify regarding his personal observations and "whether he believe[d], based on the records [he reviewed], that this is a mental illness and not a medication-related issue."[5]

---

[5] Stephenson proffered that the report would have proved that "she ha[d] mental health diagnoses that meet the DSM." "DSM" appears to reference "the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association." Code § 19.2-271.6(B).

- 5 -

At the conclusion of the Commonwealth's case-in-chief, Stephenson did not move to strike the evidence. After presenting evidence in her defense, she "renew[ed]" her motion to strike without making any specific argument. The trial court denied the motion, finding that Stephenson "attempted to swing a shovel at [the firefighters] and put them in fear." After further argument by counsel, the jury convicted Stephenson on both charges of the lesser-included offense of misdemeanor assault. Stephenson appeals.

ANALYSIS

I. Speedy Trial

Stephenson argues that the trial court erred in denying her motion to dismiss because the trial court violated her right to a speedy trial under both Code § 19.2-243 and the United States and Virginia Constitutions. We disagree.

A. Statutory Speedy Trial Claim

Stephenson argues that the trial court violated her statutory right to a speedy trial by ordering "more than three" continuances of her trial date beyond Code § 19.2-243's five-month limitation. "[A] statutory speedy trial challenge presents a mixed question of law and fact." *Young v. Commonwealth*, 297 Va. 443, 450 (2019). This Court "gives deference to the trial court's factual findings but reviews legal issues *de novo*," including questions involving statutory interpretation. *Ali v. Commonwealth*, 75 Va. App. 16, ___ (2022) (citing *Young*, 297 Va. at 450).

If an adult defendant "is held continuously in custody" following a district court's finding of "probable cause to believe that [she] has committed a felony, the accused . . . shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date" of that finding. Code § 19.2-243. That five-month limitation, however, is "not absolute." *Young*, 297 Va. at 451. Code § 19.2-243 enumerates several exceptions to the time requirement for circumstances "beyond the control of a trial judge and the

- 6 -

parties." *Schwartz v. Commonwealth*, 45 Va. App. 407, 426 (2005) (quoting *Baity v. Commonwealth*, 16 Va. App. 497, 502 (1993)). One such exception is when "failure to try the accused was caused . . . [b]y a natural disaster." Code § 19.2-243(7); *see* EDO of May 1, 2020, at 1.

In *Ali*, this Court recently considered Code § 19.2-243's "natural disaster" provision in the context of the COVID-19 pandemic. 74 Va. App. at ___. Ali argued that the trial court violated his statutory and constitutional speedy trial rights by delaying trial approximately thirteen months under the Supreme Court's COVID-19 emergency orders. *Id.* at ___. We rejected that argument, holding that the pandemic qualified as a "natural disaster" and the emergency orders validly tolled statutory speedy trial deadlines through Ali's trial date. *Id.* at ___.

We find that *Ali* is dispositive of Stephenson's argument. The Supreme Court declared a judicial emergency on March 16, 2020, only sixty-seven days after the district court found probable cause on January 9, 2020. *See* EDO of Mar. 16, 2020. The Supreme Court then extended the period of judicial emergency through the dates of Stephenson's jury trial on August 11 and 12, 2021. During that time, the Supreme Court's emergency orders tolled the running of any statutory speedy trial period. *Ali*, 74 Va. App. at ___; *see also* EDO of Aug. 4, 2021 (ordering continued tolling of "speedy trial act deadlines"). Accordingly, the trial court did not err in denying Stephenson's motion to dismiss on statutory speedy trial grounds.

### B. Constitutional Speedy Trial Claim

Stephenson also argues that the trial court violated her rights to a speedy trial under the federal and Virginia Constitutions. Relying on the United States Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514 (1972), she argues that the trial court made "insufficient findings

to justify" its approximately two-year delay of trial. We decline to consider this argument, as Stephenson raises it for the first time on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Thus, appellate courts "will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*) (citing *Floyd v. Commonwealth*, 219 Va. 575, 584 (1978)). "Rule 5A:18 applies to bar even constitutional claims." *Farnsworth*, 43 Va. App. at 500 (quoting *Ohree*, 26 Va. App. at 308).

Stephenson waived the constitutional speedy trial claim she now argues for the first time on appeal. In her written motion to dismiss filed in the trial court, Stephenson invoked her speedy trial rights under the Sixth Amendment of the United States Constitution and the "Virginia Constitutional Bill of Rights." Both in her motion and during argument, however, Stephenson did not offer any theory on how those constitutional provisions applied to the facts of this case. Instead, she argued that the Commonwealth was "using COVID-19 as an excuse" to extort inmates by prolonging their pretrial incarceration. Thus, Stephenson failed to present her

constitutional speedy trial claim to the trial court, despite the opportunity to do so. Accordingly, the issue is waived. *Cf. Howard v. Commonwealth*, 55 Va. App. 417, 426 (2009), *aff'd*, 281 Va. 455 (2011) (holding Rule 5A:18 barred review of defendant's constitutional speedy trial argument raised for first time on appeal). Although there are exceptions to Rule 5A:18, Stephenson does not invoke them, and we will not do so *sua sponte*. *Edwards*, 41 Va. App. at 761.[6]

## II. Stephenson's Psychiatric History Evidence

Stephenson contends that the trial court abused its discretion by excluding the emergency department report summarizing her psychiatric history as inadmissible under Code § 19.2-271.6. She alleges that the trial court misconstrued that statute as barring evidence of prior psychiatric diagnoses to prove a defendant's mental condition at the time of the offense. Because prior diagnoses may be probative of "symptoms or behaviors in the moment," Stephenson argues that such evidence is admissible. She argues further that any "concerns" regarding "the use of historical [diagnostic] information and its connection to the present" pertained to the weight of the evidence, rather than its admissibility. Therefore, Stephenson contends that the "only reason" to exclude such evidence is "if there is a prohibition by either statute or case law to its admission." We disagree.

It is well-settled that "[d]ecisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'"

---

[6] For the first time on appeal, Stephenson also contends that the Supreme Court of Virginia's judicial emergency orders could not justify the pretrial delay because they violated the Virginia Constitution's separation of powers provisions. Stephenson had ample opportunity to raise this argument in the trial court, but did not. Accordingly, Rule 5A:18 bars our review. *Howard*, 55 Va. App. at 426. We note, however, that Code § 17.1-330(D) specifically authorizes the Supreme Court to suspend statutory deadlines. "Notwithstanding any other provision of law, such order may suspend, toll, extend, or otherwise grant relief from deadlines, time schedules, or filing requirements imposed by otherwise applicable statutes . . . ." Code § 17.1-330(D).

*Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Michels v. Commonwealth*, 47 Va. App. 461, 465 (2006)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). Nevertheless, a trial court "by definition abuses its discretion when it makes an error of law." *Robinson v. Commonwealth*, 68 Va. App. 602, 606 (2018) (quoting *Dean v. Commonwealth*, 61 Va. App. 209, 213 (2012)). To the extent that the admissibility determination involves a question of law—including "the interpretation of a statute"—this Court reviews that issue *de novo*. *Beckham v. Commonwealth*, 67 Va. App. 654, 658 (2017). "The primary purpose of statutory interpretation 'is to ascertain and give effect to legislative intent.'" *Holloway v. Commonwealth*, 72 Va. App. 370, 375 (2020) (quoting *Botkin v. Commonwealth*, 296 Va. 309, 314 (2018)). This Court "determines legislative intent from the words employed in the statute," *Botkin*, 296 Va. at 314 (quoting *Alger v. Commonwealth*, 267 Va. 255, 259 (2004)), and "[w]hen the language of a statute is unambiguous, we are bound by the plain meaning of the words used," *Antisdel v. Ashby*, 279 Va. 42, 48 (2010) (citing *Smit v. Shippers' Choice of Virginia, Inc.*, 277 Va. 593, 597 (2009)).

Finally, the proponent of evidence has the burden of establishing its admissibility by a "preponderance of the evidence." *Campos v. Commonwealth*, 67 Va. App. 690, 702 (2017) (quoting *Witt v. Commonwealth*, 215 Va. 670, 674 (1975)). A trial court resolves factual questions underlying admissibility, *Bloom v. Commonwealth*, 262 Va. 814, 821 (2001) (quoting *Witt*, 215 Va. at 674), and such findings are binding on appeal "unless 'plainly wrong' or without evidence to support them," *Campos*, 67 Va. App. at 702 (quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (*en banc*)). An appellant bears the burden of providing the appellate

court with authority and argument in support of her request for reversal. *Bartley v. Commonwealth*, 67 Va. App. 740, 744-45 (2017).

Evidence "offered by [a criminal] defendant" regarding her "mental condition" at the time of the alleged offense, "including expert testimony," is "relevant, is not evidence concerning an ultimate issue of fact, and shall be admitted if" it "tends to show the defendant did not have the intent required for the offense charged and . . . is otherwise admissible pursuant to the general rules of evidence." Code § 19.2-271.6(B); *see* 2021 Va. Acts Sp. Sess. I, chs. 523, 540. Further, "to establish the underlying mental condition," the defendant "must show" that the condition "existed at the time of the offense and that the condition satisfies the diagnostic criteria for (i) a mental illness, (ii) a developmental disability or intellectual disability, or (iii) autism spectrum disorder as defined in the most recent edition of the [DSM]." Code § 19.2-271.6 (B). "Mental illness" is "a disorder of thought, mood, perception, or orientation that significantly impairs judgment or capacity to recognize reality." Code §19.2-271.6 (A).

Here, the trial court did not abuse its discretion by excluding the proffered report because Stephenson failed to establish that she suffered from a "mental condition" as defined in Code § 19.2-271.6, or that any such mental condition existed at the time of her offenses. At trial, Stephenson argued that the proffered report would have proved "she ha[d] mental health diagnoses that meet the DSM." The report, however, did not indicate whether any of her prior diagnoses constituted "a disorder of thought, mood, perception, or orientation that significantly impair[ed] [her] judgment or capacity to recognize reality." *See id.* (defining "Mental illness"). In addition, although Dr. Lindbeck testified that Stephenson manifested "delusional thinking" when she arrived at the emergency room, he acknowledged that he was not qualified to diagnose Stephenson with a mental illness *that existed when the assault occurred*. Moreover, he

concluded that the "effects of multiple medications"—*not* a mental illness—likely caused her delusions.

In sum, Stephenson failed to establish the requisite "underlying mental condition" to admit the report under Code § 19.2-271.6. Accordingly, the trial court's ruling excluding the report was a proper exercise of judicial discretion.[7]

### III. Sufficiency

Stephenson argues that the trial court erred in concluding that the evidence proved she intended to harm Chief Martin and Lieutenant Stokes. She contends that her attack "was a manifestation of confusion and delusion" rather than "an intent to inflict harm." We do not consider this argument because Stephenson failed to preserve it for appellate review under Rule 5A:18.

To preserve the question of the sufficiency of the evidence in a jury trial, the defendant must move to strike at the conclusion of all the evidence or move to set aside the verdict. *Commonwealth v. Bass*, 292 Va. 19, 33 (2016). Moreover, although a defendant may fulfill the requirements of Rule 5A:18 through a motion to strike the evidence, failure to specifically argue that the evidence is insufficient as a matter of law will result in default. *See, e.g.*, *Bowling v. Commonwealth*, 51 Va. App. 102, 106 (2007) (holding defendant's failure to challenge the sufficiency of evidence supporting a specific element of the offense at the motion to strike failed to preserve the issue on appeal).

---

[7] The trial court also expressed reservations regarding whether the proffered report was otherwise admissible because it contained potential hearsay. The trial court, however, did not rule that the report was inadmissible on that basis. "[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). Thus, "a degree of judicial caution should accompany any holding that reaches out beyond the limits of the particular case to address unnecessary and novel issues." *Id.* at 397. It is unnecessary to decide whether the proffered report was otherwise admissible. Accordingly, we do not address the issue.

Stephenson did not move to strike the evidence at the conclusion of the evidence or move to set aside the jury's verdict. Although she made a "renewed" motion to strike at the close of all the evidence, nothing in the record demonstrates that she ever made any previous motion to strike. Further, during the "renewed" motion to strike, Stephenson did not make any specific arguments challenging whether the evidence was sufficient to prove intent. Thus, Stephenson never presented to the trial court the sufficiency argument she now argues on appeal, and her argument is waived. *Id.*

## IV. Revocation

On August 10, 2018, the trial court convicted Stephenson of malicious wounding and sentenced her to ten years of incarceration with seven years suspended, conditioned on three years of supervised probation. Considering the convictions for misdemeanor assault addressed above, the trial court revoked Stephenson's previously-suspended sentence for malicious wounding.

On appeal, Stephenson argues that the trial court erred by revoking her previously-suspended sentence based on the allegedly "improper" assault convictions. She concedes, however, that her argument is meritless and "moot" if this Court affirms her convictions. Stephenson's concession is correct. "Where the criminal conviction underlying the revocation is affirmed on appeal, the appeal [of a resulting revocation] is considered without merit; or is considered moot[.]" *Patterson v. Commonwealth*, 12 Va. App. 1046, 1049 (1991). As we affirm Stephenson's convictions, her challenge of the revocation is without merit. *Id.*

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgments.

*Affirmed.*