COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Malveaux and Frucci
Argued at Richmond, Virginia

MARY WASHINGTON HEALTHCARE, ET AL.

v.      Record No. 1787-24-2

HELEN COSTELLO, ADMINISTRATOR OF
  THE ESTATE OF WILLIAM COSTELLO, DECEASED

OPINION BY
JUDGE MARY GRACE O'BRIEN
OCTOBER 28, 2025

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Brian B. Vieth (Robyn P. Ayers; Goodman Allen Donnelly, PLLC,
on briefs), for appellants.

James J. O'Keeffe (Robert W. Carter; MichieHamlett, PLLC; Robert
Carter, Jr. – Attorney at Law, on brief), for appellee.

In this interlocutory appeal, we consider whether the Circuit Court of the City of Richmond

erred in finding that Helen Costello (Costello), as administrator of her deceased husband's estate,

had standing to assert a survival action and a wrongful-death claim against Mary Washington

Healthcare and Mary Washington Hospitals, Inc. (collectively, Mary Washington).

Mary Washington filed a plea in bar, contending that Costello lacked standing because,

when she initially filed suit, she was not a properly qualified administrator. After Costello

submitted an order from a different circuit court retroactively amending her administrator

appointment, the Richmond circuit court overruled Mary Washington's plea in bar. Because Mary

Washington did not challenge the validity of that retroactive order, we affirm.

BACKGROUND

Costello's husband, William, died on February 12, 2019, at the Mary Washington Hospital.

On April 29, 2019, the Circuit Court of Orange County appointed Costello as the administrator of

William's estate under Code § 64.2-454, which authorized her to bring personal-injury and wrongful-death actions on her husband's behalf. At that time, Code § 64.2-454 allowed such an appointment only to be made "by the clerk of the circuit court in the county or city in which jurisdiction and venue would have been properly laid for such action if the person for whom the appointment is sought had survived."[1] Code § 64.2-454 (2019).

In November 2020, Costello filed suit against Mary Washington and the Vibra Hospital of Richmond[2] in the Richmond circuit court. Although she alleged that she qualified as the administrator in Orange County, she did not allege that venue would have been proper in Orange County had William survived. Mary Washington filed a plea in bar, asserting that Costello's "appointment as the administrator of the [d]ecedent's estate [in the Orange County circuit court] does not give her standing to pursue the present action [in the Richmond circuit court,] as the appointment was not made in a jurisdiction and venue which would have been properly laid for this action had [d]ecedent survived." The court granted Mary Washington's plea in bar but gave Costello leave to amend.

In her amended complaint, Costello specified that she qualified as administrator in Orange County "pursuant to [Code] § 64.2-454" and added allegations that jurisdiction and venue would have been proper in Orange County had William survived because (1) Mary Washington "regularly conduct[ed] substantial business activity in Orange County" and (2) "Orange County offered a practical nexus to this case."

In May 2022, Mary Washington renewed its plea in bar, again arguing that Costello did not have standing because Orange County would not have been the proper venue and her appointment

---

[1] This code section was amended by the General Assembly in 2024 and now allows the appointment by the clerk of any circuit court. Code § 64.2-454.

[2] The claims against Vibra were dismissed after Costello and Vibra reached a settlement and are therefore not before us.

under Code § 64.2-454 would therefore be invalid. Mary Washington also proffered that it would submit evidence at a hearing showing its lack of substantial business contacts with Orange County. At the hearing, however, Mary Washington asked the court to decide the issue based only on the allegations in the amended complaint.

In November 2023, Costello responded to Mary Washington's plea in bar and for the first time attached an Orange County circuit court order from October 2023. That Orange County order appointed Costello as administrator of the estate under Code § 64.2-502, with authority under Code § 64.2-519 to file survival and wrongful-death actions. Further, the order deemed the appointment effective retroactively on April 29, 2019, in place of Costello's original appointment under Code § 64.2-454. Finally, the Orange County court modified Costello's certificate of qualification in accordance with the retroactive order.[3] Costello argued that this October 2023 order from Orange County rendered Mary Washington's plea in bar "moot" because neither Code § 64.2-502 nor Code § 64.2-519 contained Code § 64.2-454's limitations on which court could issue the appointment.

Following a hearing, the court overruled the renewed plea in bar, holding that "[d]ue to the retroactive qualification, [Costello] had the authority and standing pursuant to [Code] § 64.2-502 and § 64.2-519 to file such claims in the City of Richmond Circuit Court." The court continued that "[t]he [c]ertificate appointing [Costello] as administrator on October 26, 2023, is a final order and

---

[3] Specifically, the Orange County October 2023 order provided as follows:

> Helen Costello is appointed retroactively effective 4/29/19 as administrator of the estate of William Costello, deceased, pursuant to [Code] §[ ]64.2-502, with all of the rights and responsibilities attendant thereto, to include the authority pursuant to [Code] §[ ]64.2-519 to file survival/injury and wrongful death claims concerning William Costello's injury and death, in the place of [Code] §[ ]64.2-454, and the certificate issued 4/29/19 by the Clerk of the Orange County Circuit Court of her qualification as administrator is deemed modified retroactively effective 4/29/19 consistent with this order.

may not be collaterally attacked." Finally, the court noted that "Code § 8.01-258 dictates that a final order is not voidable or subject to a collateral attack based 'solely on the ground that there was improper venue.'" The court made no findings regarding any substantial business contacts that would have made the venue proper in Orange County had William survived.

Mary Washington moved to certify an interlocutory appeal on the issue of whether the Orange County court's retroactive order could give Costello standing. The Richmond court granted the motion and certified the issue for appeal.

ANALYSIS

As a threshold matter, we address Costello's contention that we lack jurisdiction over this interlocutory appeal because the circuit court's certification did not explicitly address the four elements listed in the applicable statute, Code § 8.01-675.5. We disagree.

The court's certification provides as follows:

> Based on the arguments, authorities, and representations of counsel, the [m]otion to [c]erify [for interlocutory appeal] is GRANTED and, pursuant to [Code] § 8.01-675.5, the [c]ourt CERTIFIES for interlocutory appeal [p]art I [of the plea in bar order]. The transcript of the hearing on the [m]otion to [c]ertify is incorporated by reference into this order.

"We review issues of statutory interpretation de novo." *Taylor v. Commonwealth*, 77 Va. App. 149, 162 (2023). "The trial court's rulings come to us with a presumption of correctness." *Rainey v. Rainey*, 74 Va. App. 359, 377 (2022). "The trial court is presumed to know and correctly apply the law 'absent clear evidence to the contrary in the record.'" *Id.* (quoting *Milam v. Milam*, 65 Va. App. 439, 467 (2015)). "This presumption holds true even if a trial court does not specifically articulate its factual findings." *Lisann v. Lisann*, ___ Va. ___, ___ (May 8, 2025). "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Id.* (quoting *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015)).

Code § 8.01-675.5(A) provides that when a party wants to appeal an order "that is not otherwise appealable," that party may file a motion requesting certification of an interlocutory appeal.

> The motion shall include a concise analysis of the statutes, rules, or cases believed to be determinative of the issues and request that the court certify in writing that the order or decree involves a question of law as to which (i) there is substantial ground for difference of opinion; (ii) there is no clear, controlling precedent on point in the decisions of the Supreme Court of Virginia or the Court of Appeals of Virginia; (iii) determination of the issues will be dispositive of a material aspect of the proceeding currently pending before the court; and (iv) it is in the parties' best interest to seek an interlocutory appeal.

*Id.* Notably, the statute requires that "[t]he *motion* shall include" authorities and a request for certification "in writing" that the issues involve a question of law that meets four different requirements. *Id.* (emphasis added). The statute does not mandate that, in its certification, the court specifically list or even mention the four elements necessary for an interlocutory appeal.

Here, the court's order granted Mary Washington's motion for certification pursuant to Code § 8.01-675.5 and affirmatively "CERTIFIE[D] for interlocutory appeal" parts of the plea in bar. Because Code § 8.01-675.5 does not contain a requirement that the court specifically address the four elements, this order is sufficient and does not deprive us of jurisdiction over this appeal. *See Lisann*, ___ Va. at ___ (explaining that "[a]bsent a statutory requirement" a court "is not required to give findings of fact or conclusions of law" (quoting *Bowman*, 290 Va. at 500 n.8). [4]

Regarding the merits of this appeal, Mary Washington argues that the court erred in accepting Costello's retroactive appointment order. It contends that the court should have evaluated

---

[4] Costello also argues that, because we do not have the transcript of the hearing discussing the motion for interlocutory appeal, we cannot address Mary Washington's assignment of error. But we do not need that transcript because the order suffices.

the plea in bar based on Costello's appointment qualifications at the time she filed suit, disregarding the retroactive effect of the October 2023 order.

"A plea in bar asserts a single issue, which, if proven, creates a bar to a plaintiff's recovery." *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019) (quoting *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010)). "The party asserting the plea in bar bears the burden of proof." *Id.* "[W]e review de novo the circuit court's 'application of the law to the facts.'" *Williams v. Rappahannock Cnty. Bd. of Supervisors*, 81 Va. App. 575, 583 (2024) (quoting *Ferguson v. Stokes*, 287 Va. 446, 450 (2014)). We also review de novo the question of whether the factual allegations were sufficient to establish standing, "as this issue presents a question of law." *Zinner v. Wash. Gas Light Co.*, 85 Va. App. 220, 239 (2025) (quoting *Anders Larsen Trust v. Bd. of Supervisors*, 301 Va. 116, 122 (2022)).

An administrator of an estate appointed under Code § 64.2-502 has a broad array of powers, including the right to sue for personal injury and wrongful death. *See* Code § 64.2-519. By contrast, Code § 64.2-454 allows the appointment of an administrator of a decedent's estate for the sole purpose of "prosecut[ing] actions for both personal injury and death by wrongful act." In 2019, that appointment could only be made "by the clerk of the circuit court in the county or city in which jurisdiction and venue would have been properly laid for such action if the person for whom the appointment is sought had survived." Code § 64.2-454 (2019).

A court may correct the record at any time by entering a nunc pro tunc order "under the accepted fiction that the order relates back to the date of the original action of the court 'now for then.'" *Davis v. Mullins*, 251 Va. 141, 149 (1996). But in doing so, the court is "restricted to placing upon the record evidence of judicial action which has actually been taken, and presupposes action taken at the proper time." *Id.* (quoting *Council v. Commonwealth*, 198 Va. 288, 292 (1956)).

"When acting nunc pro tunc, the court does not reacquire jurisdiction over the case," it "merely corrects the record." *Id.*

Throughout its briefs and at oral argument, Mary Washington insists that it does not seek to challenge the Orange County October 2023 order's validity but rather the order's application to this case. Mary Washington relies on *Antisdel v. Ashby*, 279 Va. 42 (2010), to argue that the court should not have allowed Costello to "reform her appointment to create standing that did not exist at the time of filing."

But *Antisdel* is distinguishable. In that case, the Supreme Court upheld a court's refusal to enter a nunc pro tunc order to "'reform' the appointment order . . . to grant [plaintiff] retroactively the authority to bring survival claims." *Antisdel*, 279 Va. at 50. The Court noted that "[o]rders entered nunc pro tunc cannot retroactively record an event that never occurred, or have the record reflect a fact that never existed." *Id.* at 51.

Here, the Richmond court did not refuse to enter a nunc pro tunc order to retroactively reform Costello's appointment. Instead, the Richmond court recognized the Orange County court's nunc pro tunc order as controlling. Apart from the order itself, we do not have any record of the proceedings in the Orange County court that would allow us to evaluate the validity of the nunc pro tunc order. Nor is that the question we are asked to address. Mary Washington concedes that the October 2023 Orange County order is valid, and *Antisdel* does not stand for the proposition that a court may refuse to apply a valid order from another court. That ends our inquiry.

Mary Washington cannot have it both ways; either the Orange County order is valid and Costello had standing, or the order is invalid and she did not. The order retroactively appoints Costello as an administrator under Code § 64.2-502, effective on April 29, 2019, several months before she filed the lawsuit. Code § 64.2-502 does not contain Code § 64.2-454's restrictions on the appointment of the administrator. If the October 2023 Orange County order is valid, then Costello

unquestionably had standing to file this suit. Mary Washington chose not to attack that order in its

plea in bar. Thus, the court did not err in overruling that plea in bar.[5]

CONCLUSION

Because the court's certification of this appeal was sufficient and Mary Washington

concedes the validity of the disputed qualification order, we affirm.

*Affirmed.*

---

[5] Mary Washington also argues that the court "erroneously considered the language of [Code] § 8.01-258." Code § 8.01-258 provides that "[n]o order, judgment, or decree shall be voidable, avoided, or subject to collateral attack solely on the ground that there was improper venue." But because we decide this case based on Mary Washington's concession that the Orange County court order is valid, we do not address that argument. *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (explaining that "the doctrine of judicial restraint dictates that [appellate courts] decide cases 'on the best and narrowest grounds available'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).